# CHARLESTON.

Gladys Webster Roberts *v.* Bayard McClean Roberts

(No. C. C. 337)

Submitted January 20, 1925.   Decided May 19, 1925.

Divorce—*Misconduct by Plaintiff, Occurring After Institution of Suit, and Constituting Cause for Either Absolute or Limited Divorce, May be Set up as Counterclaim, or Alleged in Cross-Complaint.*

> Any misconduct on the part of the plaintiff in a divorce proceeding which is a cause for either an absolute or limited divorce may be set up as a counterclaim or alleged in a cross complaint as ground for affirmative relief, although it occurred after the institution of the suit.
>
> (Divorce, 19 C. J. § 305).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Questions from Circuit Court, Marshall County.

Suit by Gladys Webster Roberts against Bayard McClean Roberts for divorce, in which defendant filed an answer in the nature of a cross-bill. After overruling the motion to

dismiss the answer and demurrer thereto the court certifies questions under Code, c. 135, § 1.

*Rulings affirmed.*

*Chas. A. Showacre,* for defendant.

LITZ, JUDGE:

The plaintiff, Gladys Webster Roberts, filed her bill at February rules, 1921, alleging cruelty, desertion and adultery on the part of defendant, Bayard McClean Roberts, and praying for an absolute divorce, alimony and the custody of their infant child. Nothing further was done in the suit until January 10, 1924, when the defendant filed his answer in the nature of a cross bill, denying the charges contained in the bill, charging the plaintiff with having committed adultery since the institution of the suit, and praying for an absolute divorce and custody of the child.

October 3, 1924, a motion to dismiss the answer and demurrer thereto were overruled; and upon the joint application of the parties the following questions were certified, under section 1, chapter 135, Code:

(1) "Whether process was required on the answer and cross-bill."

(2) Whether the defendant may take advantage of the alleged adultery of plaintiff, committed since the institution of the suit, as a ground for affirmative relief.

The record as presented showing the appearance of plaintiff to the answer and cross-bill, the first question, if proper upon certificate, need not be considered.

On the second question, we are of opinion that the circuit court ruled properly in holding that the answer set up proper ground for affirmative relief. In *Martin* v. *Martin,* 35 W. Va. 695, an absolute divorce was granted defendant on the ground of three years willful desertion, which matured during the pendency of the suit. "Any misconduct which is a cause for either an absolute or limited divorce may be set up as a counterclaim or alleged in a cross complaint as a ground for affirmative relief, although it occurred after the institution of the suit." 19 C. J. 117; *Wilson* v. *Wilson,*

40 Iowa 230; *Neddo* v. *Neddo,* 56 Kans. 570, 44 Pac. 1; 9 R. C. L. 423. In *Von Bernuth* v. *Von Bernuth,* 76 N. J. Eq. 487, 74 A. 700, 139 Am. S. R. 784, citing our case of *Martin* v. *Martin, supra,* it is stated: "The obvious reason (for the rule) is that it is absurd that the defendant should be involved in two suits embracing the same facts and be compelled to prove them, first, as a defense, and secondly, as a ground for affirmative relief; and further that this court having once rightly obtained jurisdiction over the parties and the subject matter of the litigation, will proceed to hear the whole case, and measure out justice to the parties once for all on the facts alleged and proved".

In the case of *Ames* v. *Ames,* 178 N. Y. S. 177, it is held that in an action for divorce on the ground of adultery the court may permit the defendant to plead as a counterclaim, as well as a defense, by supplemental answer, acts of adultery committed by the plaintiff since the action was begun. In the opinion, quoting from *Blanc* v. *Blanc,* 67 Hun. 384, 22 N. Y. S. 264, it is said, "Public policy, the interests of society and of the litigants, alike demand that the rights of the parties should be determined in a single action, unless by so doing some statute or rule of procedure settled by reported cases is violated".

Under section 35, chapter 125, Code, a defendant in a suit in equity may "in his answer allege any new matter, constituting a claim for affirmative relief in such suit against the plaintiff or any defendant therein, in the same manner and with like effect as if the same had been alleged in a cross-bill filed by him therein".

The ruling of the circuit court is

*Affirmed.*