# Richmond

MALCOLM MAURICE ROSENBERG v. RUTHE SHELIA FALK ROSENBERG.

June 16, 1969.

Record No. 6938.

Present, All the Justices.

*William Rosenberger, Jr.*, for appellant.

*Arthur E. Smith*, for appellee.

SNEAD, J., delivered the opinion of the court.

Malcolm Maurice Rosenberg, complainant, appeals from an adverse decree which, among other things, awarded his wife, Ruthe Shelia Falk Rosenberg, defendant, a divorce *a vinculo matrimonii* and custody of their children.

The parties were married in Roanoke on July 5, 1952. A daughter, age 15, and two sons, age 13 and 11, were born of this union. Rosen-

berg and his cousin operated a cap and gown rental business and also a laundry-dry cleaning establishment in Roanoke. The latter was a financial failure and left Rosenberg contingently liable for a substantial sum. Rosenberg became emotionally upset and marital difficulties developed which resulted in a separation of the parties. In the view we take of the case it is not necessary to state other evidence adduced.

On August 12, 1966 Rosenberg filed a bill of complaint against his wife seeking a divorce on the ground that she had constructively deserted him on November 12, 1965. Mrs. Rosenberg filed an answer in which she denied the allegations in the bill of complaint, alleged co-habitation as man and wife after November 12, 1965, and that complainant "wilfully and intentionally deserted and abandoned" her and the children "subsequent to June 22, 1966". On September 19, 1966 Mrs. Rosenberg filed a cross-bill praying for a decree of divorce *a mensa et thoro* to be subsequently merged into a decree of divorce *a vinculo matrimonii* on the ground of desertion "on or about the 2nd day of August, 1966". She also requested alimony and an allowance for the support of the children. In his answer to the cross-bill filed on November 4, 1966, complainant denied the charge of desertion and asked for custody of the three children.

By agreement of the parties, the court referred the cause to one of its commissioners in chancery who was directed to report to the court his findings and recommendations within a reasonable time. In due course the commissioner heard evidence presented by both parties and on May 26, 1967 filed his report along with the evidence taken and various exhibits filed. The commissioner recommended, among other things, that complainant's bill be dismissed; that Mrs. Rosenberg be granted a divorce *a mensa et thoro* on her cross-bill; that the custody of the children be awarded to the mother with certain visitation rights to the father, and that Rosenberg pay to Mrs. Rosenberg $630 per month as alimony and $450 per month for the support and maintenance of the three children.

Rosenberg filed exceptions to the commissioner's report and the chancellor fixed July 28, 1967 as the date for a hearing on the exceptions. On that date Rosenberg orally requested leave to file an amended and supplemental bill of complaint for a divorce on the ground of adultery alleged to have occurred on July 22, 1967. The hearing was continued and on August 7 Rosenberg filed a written motion for leave to file an amended and supplemental bill. Argu-

ment was set for October 10. On that date the cause came on to be heard on the pleadings, the depositions and exhibits, the commissioner's report and the exceptions thereto and the written motion with a copy of the amended and supplemental bill attached.

The amended and supplemental bill alleged, among other things, "That the defendant has had illicit sexual intercourse with * * * [a named man] at various times and places, and the last time, known to the complainant, at Room 617 of the Howard Johnson Motor Lodge, 4000 Alton Road, Miami Beach, Florida between the hours of 8:30 A.M. and 7:05 P.M. on Saturday, July 22, 1967". Complainant prayed for a divorce *a vinculo matrimonii* and for custody of the children.

By its decree entered October 30, 1967, the court denied Rosenberg's motion to file the amended and supplemental bill stating " * * * that the motion was not well taken, as it was not timely made and attempted to set forth matters subsequent to the original bill and not supplemental thereto, * * * ". The decree also granted Mrs. Rosenberg a divorce on her cross-bill. It contained substantially the same provisions recommended by the commissioner.

In his assignments of error, complainant contends that the chancellor erred (1) in refusing to grant him a divorce; (2) in granting defendant a divorce and custody of the children; (3) in awarding defendant alimony and support money for the children; (4) in overruling certain exceptions to the commissioner's report, and (5) in refusing to permit him to file his amended and supplemental bill of complaint. He further contends that the decree appealed from "is contrary to the law and the evidence and without evidence to support it".

The crucial question presented for decision is whether the trial court erred in refusing to permit Rosenberg to file his amended and supplemental bill.

In deciding this question we must determine whether the amended and supplemental bill constituted a different and separate cause of action setting forth new matter unrelated to the original bill, and what is the effect of the fact that the alleged adultery occurred subsequent to the filing of the original bill.

There is no question of complainant's diligence. He sought leave to file his amended and supplemental bill six days after the specific act of adultery was alleged to have occurred.

"[S]upplemental bills will not be allowed for the purpose of intro-

ducing a completely new case." *Keyser* v. *Renner*, 87 Va. 249, 251, 12 S.E. 406.

It is contended by Rosenberg that the amended and supplemental bill does not state "any new or additional cause of action, but rather asks the Court for a decree of divorce, the same relief prayed for in the original bill, on an additional ground, which is most pertinent and material to the issue of alimony and custody of the children * * *".

On the other hand defendant argues that the charge of adultery could not have been contained in the original bill because the alleged act did not occur until months after the parties had separated and the original bill had been filed; that on the question of divorce the offered pleading states a new and separate cause of action unrelated to the original bill; and that in regard to alimony, custody and support the court has continuing jurisdiction and complainant may later show any change in circumstances he wishes in an attempt to persuade the court to alter its decree.

We think Rosenberg's position is well taken. The original bill prayed for a divorce on the ground of constructive desertion. The amended and supplemental bill asks for the same relief, merely alleging an additional ground. Had the alleged adultery occurred at a time prior to the filing of the original bill and been discovered afterward Rosenberg would have clearly been entitled to amend his bill. The allegations of such an amended bill would be substantially the same whether the adultery occurred before or after the filing of the original bill and their relation to the original bill would also be the same. Further, adultery is highly relevant to the issues of alimony, support and custody and that relevance is not reduced by the fact that the court has continuing jurisdiction over these matters.

Mrs. Rosenberg cites in her brief *Keyser* v. *Renner, supra,* and quotes this court as stating " * * * If the complainant has no right to bring forth in his original bill the subject matter of the supplemental or amended bill, then the amendment should not be allowed."

We have carefully read this case and do not find any such statement. Moreover, we think that case is distinguishable from the case at bar.

In our view the allegations of the amended and supplemental bill do not state "a completely new case", are the proper subject of such a bill and sufficiently relate to the original bill.

The remaining issue is whether Rosenberg should have been allowed to file an otherwise proper amended and supplemental bill

which is based on an act occurring subsequent to the filing of the original bill. We think he should have been granted leave to do so.

Generally, an amended bill states a fact which was in existence at the time the original bill was filed, whereas a supplemental bill states a fact which came into existence after the original bill was filed. *Glenn* v. *Brown*, 99 Va. 322, 326, 38 S.E. 189.

"One of the chief offices of a supplemental bill is to bring into the case new events referring to, and supporting, or affecting rights and interests already mentioned, which have arisen subsequently to the filing of the original bill." (Citing authorities). *Bibb* v. *American Coal Co.*, 109 Va. 261, 266, 64 S.E. 32.

*Roberts* v. *Roberts*, 99 W. Va. 204, 128 S.E. 144, and *Rowell* v. *Rowell*, 209 Ga. 572, 74 S.E.2d 833, each allowed amendment of a defendant's cross-bill in a divorce suit, alleging adultery by complainant subsequent to the institution of the suit. We see no sound reason for limiting the application of this rule to a cross-bill.

In such a case as here involved if the filing of a bill or cross-bill were to fix the rights of the parties it would serve to relieve them at that time of responsibility for many of the obligations which are the subject of the litigation. The filing of a bill of complaint itself does not terminate the marital relationship nor the rights and duties which are a part thereof, although the court may alter them pending a final decree. This of course does not require fulfillment of marital obligations which would take from either spouse grounds for divorce or defenses, but that exception does not apply to the case at bar.

Code, § 8-119 provides:

"In any suit, action, motion or other proceeding the court may at any time in furtherance of justice, and upon such terms as it may deem just, permit any pleading to be amended or material supplemental matter be set forth in amended or supplemental pleadings. The court shall, at every stage of the proceedings, disregard any error or defect which does not affect the substantial rights of the parties.* * *"

Rule 2:12 of Rules of Court states in part:

"No amendments shall be made to any bill or other pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice."

We hold that under the circumstances of this case the court erred in refusing Rosenberg leave to file his amended and supplemental bill of complaint. In view of this holding it is not deemed necessary to

discuss the other errors assigned. The decree appealed from is reversed and the cause remanded with direction that leave be granted Rosenberg to file his "Amended and Supplemental Bill of Complaint".

*Reversed and remanded.*