## CIRCUIT COURT OF ARLINGTON COUNTY

Raisa Smyrnow

v.

Wassily Smyrnow

January, 1974

Case No. (Chancery) 22291

By JUDGE CHARLES H. DUFF

This matter comes before the Court upon Mr. Smyrnow's Motion seeking reconsideration of the order entered May 3, 1973, allowing his wife to amend her Bill of Complaint. The amended Bill alleged adultery on the part of Mr. Smyrnow occurring between March 1972, and March 1973. Testimony was taken before the Commissioner in Chancery on three separate dates and he has reported to the Court his findings that Mr. Smyrnow committed adultery commencing in June 1972.

Mr. Smyrnow contends that the Court should reconsider its May 3, 1973, ruling and disallow the amended Bill because the adultery occurred after the filing of the original Bill of Complaint on April 10, 1972. He cites *Smith* v. *Smith*, 202 Va. 104 (1960), *Beckner* v. *Beckner*, 204 Va. 580 (1963), *Johnson* v. *Johnson*, 213 Va. 204 (1972), et al., in support of his position. Mrs. Smyrnow denies the applicability of these cases to the present facts and asserts that adultery committed during the pendency of an action for divorce can be utilized by the offended party as a ground for relief. She relies on *Rosenberg* v. *Rosenberg*, 210 Va. 44 (1969), and the cases cited there-

in, as well as Code Section 20-117 in support of her position.

Code § 8-119 provides:

In any suit action, motion or other proceeding the Court may at any time in furtherance of justice. . . permit any pleading to be amended or material supplemental matter to be set forth in amended or supplemental pleadings.

Rule 1:8 of the Rules of Court states in part:

No amendments shall be made to any pleading after it is filed save by leave of Court. Leave to amend shall be liberally granted in furtherance of the ends of justice.

I have examined each of the authorities cited and likewise have read the transcripts of the three hearings and after carefully balancing all factors involved in the case am of the opinion that the order allowing the amended Bill was proper. The issue was squarely presented in the *Rosenberg* decision, *supra*, on facts strikingly similar. There the Supreme Court held that it was error to refuse leave to file a supplemental Bill of Complaint alleging adultery occurring subsequent to the filing of the original Bill. The Court stated, *inter alia:*

The filing of a Bill of Complaint itself does not terminate the marital relationship nor the rights and duties which are a part thereof.

In *Rowell* v. *Rowell*, 209 Ga. 572, 74 S.E.2d 833 (1953), cited in *Rosenberg*, the Court held that adultery committed by a complainant after commencement of the action can be utilized by the defendant as a defense. In *Roberts* v. *Roberts*, 99 W.Va. 204, 128 S.E. 144 (1925), also cited in *Rosenberg*, the West Virginia Court held that a defendant may take advantage of the alleged adultery of the complainant, committed since the institution of the suit, as a ground for affirmative relief. See also the various cases cited therein.

While not specifically applicable by its terms as no decree from bed and board has been entered, Code Section 20-117 enunciates the public policy of this State and at least lends a color of additional support to Mrs. Smyrnow's position in the present action. See *Haskins v. Haskins*, 188 Va. 525 (1948).

As this matter is set for further hearing on January 18, 1974, I wish to make clear that this ruling is applicable solely to Mr. Smyrnow's Motion to reconsider the Court's ruling of May 3, 1973. I have not passed upon the correctness of the Commissioner's findings, nor the exception thereto filed by Mrs. Smyrnow.

The cases cited by Mr. Smyrnow are distinguishable on their facts. The Motion to reconsider is denied.