**Alexandria**

TERESA D. THOMPSON

v.

DANIEL E. THOMPSON

No. 1092-86-4

Decided May 3, 1988

278

COUNSEL

Raymond B. Benzinger (on brief), for appellant.

Steven S. Smith (on brief), for appellee.

OPINION

**DUFF, J.**—Teresa Thompson appeals the decree of the Circuit Court of Prince William County granting her husband a divorce on the grounds of adultery. Mrs. Thompson argues that the evidence presented at the commissioner's hearing was insufficient to support a finding of adultery. She further argues that the lower court erred in denying her leave to file an amended and supplemental bill of complaint for divorce on adultery grounds. Based upon our review of the record, and the arguments and authorities presented, we affirm the lower court's decree.

I.

With regard to the sufficiency of the evidence to sustain the finding of adultery, the chancellor referred the case to a commissioner in chancery, who heard the evidence presented by the parties. The commissioner's report found that Mrs. Thompson had committed adultery on the evening of August 16-17, 1985, with Thomas Childress. This finding was approved by the chancellor and Daniel Thompson was awarded a divorce on the grounds of adultery.

 The decree confirming the commissioner's report is presumed to be correct and will not be disturbed if it is reasonably supported by substantial, competent and credible evidence. *Hoback v. Hoback*, 208 Va. 432, 435-36, 158 S.E.2d 113, 116 (1967); *Brawand v. Brawand*, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986). The record discloses the following evidence apro-

pos to this issue.

The parties were married in 1979. They separated on or about September 19, 1984, when Mr. Thompson moved out of the marital residence at 7707 Old Centreville Road, Manassas, Virginia, and moved in with his parents. Thereafter, on November 5, 1984 Mrs. Thompson moved with the parties' three children to 1940 South Ridge Road, Arlington, Virginia, and Mr. Thompson returned to the marital home.

The Arlington residence was a duplex house (subdivided) with Mrs. Thompson and her three children residing in the one unit and a Mr. Thomas Childress residing in the other unit. Mrs. Thompson resided at this address for about four or five months, and then moved to her current address in an apartment in Fairfax, Virginia. She testified that she and Thomas Childress both signed the lease for the apartment and that she signed as "Teresa Childress." Mr. Childress also put the telephone in his name and paid the bill. Mrs. Thompson testified that Mr. Childress had a key to the mailbox because she would forget to pick up the mail. Mrs. Thompson acknowledged that Mr. Childress often visited her and the children at the Fairfax address.

Mr. Thompson's allegation of adultery in the divorce suit was based on the evening of August 16-17, 1985. On that evening he had hired a private investigator to observe Mrs. Thompson's Fairfax residence. The investigator observed Mrs. Thompson enter her apartment. An hour later, she saw Mr. Childress enter the apartment after first picking up the mail. The investigator taped the top and bottom of the front apartment door, but did not tape the back door, of the apartment. The investigator then sat in her car from approximately 10:10 p.m. to 6:45 a.m. the following day. During this time, she never observed Mr. Childress or Mrs. Thompson leave the apartment from the front door or enter either of their cars.

Mrs. Thompson contends that the finding of the commissioner that she committed adultery on August 16-17, 1985, and the circuit court's affirmation of that finding were arbitrary and capricious and not supported by evidence or law. She argues that the commissioner's report failed to state facts that he relied upon in reaching his conclusion and that his finding was based upon a

vague reference to "testimony of the private investigator." Mrs. Thompson argues that the evidence of the alleged incident of adulterous behavior does not achieve the requisite minimum standard of clear, positive, and convincing proof of adultery.

■ The standard of proof for divorce on the grounds of adultery was outlined in *Coe v. Coe*, 225 Va. 616, 303 S.E.2d 923 (1983). "While a court's judgment cannot be based upon speculation, conjecture, surmise or suspicion, adultery does not have to be proven beyond all doubt. The evidence must be clear and convincing, based upon proven facts and reasonable inferences drawn from these facts." *Id.* at 622, 303 S.E.2d at 927. We hold that "substantial, competent, and credible evidence" in the record supports the commissioner's finding of adultery. The evidence showed that Mr. Childress' car remained at Mrs. Thompson's residence from approximately 10:10 p.m. on August 16, until at least 6:45 a.m. the following morning. However, this fact need not be considered in a vacuum. In addition, the record contains other evidence which is relevant on the issue of adultery. Mrs. Thompson and Mr. Childress held themselves out as husband and wife by signing the lease as Teresa Childress and Tom Childress; Mr. Childress had the telephone at the residence in his name and paid the bill, and possessed a mailbox key. There was evidence offered in explanation of these circumstances but the trier of facts was free to disbelieve the tendered explanations. We cannot say that the chancellor was plainly wrong in confirming the commissioner's report, which found the evidence of adultery to be sufficient.

## II.

In May of 1986, after the commissioner's hearing, Mrs. Thompson started an investigation for adulterous activity of her husband. Based on the findings of this investigation, the complainant moved for leave of court to amend her complaint for divorce on the ground of adultery or, in the alternative, to invoke the doctrine of recrimination. This was denied and the circuit court then awarded a divorce *a vinculo matrimonii* to Mr. Thompson on the ground of. adultery.

Mrs. Thompson argues that this refusal of the circuit court to grant her leave to file her amended bill of complaint violated fundamental principles of Virginia policy and laws, and was thus an

abuse of the court's discretion. However, we cannot determine from our review of the record whether an abuse of discretion has occurred. The motion for leave to file an Amended Bill of Complaint was argued August 8, 1986, and denied. No transcript of that hearing appears in the record; therefore, we have no way of knowing the reasons advanced in justification of allowing the Amended Bill to be filed. A Statement of Facts was filed October 22, 1986, which simply alleged adultery occurring after the commissioner's hearing and the court's action in denying the Motion to file the Amended Bill of Complaint. We note that the Statement of Facts is not a part of the record, as it was not filed in the office of the Clerk within fifty-five days after entry of judgment (final decree) as provided in Rule 5A:8. There is no proffer in the record of any specific adulterous activity on the part of Mr. Thompson. The allegation contained in Mrs. Thompson's proposed Amended Bill of Complaint states only, "Defendant committed adultery during the last five years, which adulterous activity was not condoned by complainant."

The decision to permit a party to amend a pleading is discretionary with the trial court. It is reviewable by this Court only for an abuse of that discretion. In order for this Court to determine if the trial court abused its discretion, we would be required to review the reasons set forth in the written Statement of Facts. Since the Statement of Facts is not properly a part of the record before us, we cannot evaluate the merits of this claim.

For the above reasons, the decision of the Circuit Court of Prince William County is

*Affirmed.*

Keenan, J., and Moon, J., concurred.