## CIRCUIT COURT OF CHESTERFIELD COUNTY

Jones

v.

Jones

October 3, 1989

Case No. (Chancery) 689-88

By JUDGE WILLIAM R. SHELTON

I have reviewed defendant's motion for leave to amend his cross-bill and plaintiff's motion to amend the bill of complaint in the above-referenced case. I am of the opinion that defendant's motion should be granted and plaintiff's motion denied.

Both parties seek to amend their pleadings to allege adultery. The crucial factual difference is that the plaintiff's alleged adultery occurred after the filing of the cross-bill, whereas the defendant's adultery occurred prior to and was known by the plaintiff at the time of the filing of the bill of complaint. To allow the defendant to amend would be consistent with the holdings in *Coe v. Coe*, 225 Va. 616 (1983), and *Rosenberg v. Rosenberg*, 210 Va. 44 (1969), in which the Court allowed amendment to include the ground of adultery when the adultery occurred subsequent to the filing of the bill of complaint.

The plaintiff's position is less compelling. The bill of complaint alleges that adultery took place but prays for relief on the ground of desertion. Obviously, the plaintiff was aware of the defendant's adultery and was in a position to request relief on that ground at the time of filing suit.

I would ask Mr. Burgess to prepare the appropriate Order granting defendant's motion and denying plaintiff's motion.