JULIA CAMPBELL

v.

JAMES R. ALTIZER

No. 2231-93-1

Decided January 31, 1995

COUNSEL

Kenneth B. Murov (Gary A. Mills; Jones, Blechman, Woltz & Kelly, P.C., on brief), for appellant.

Timothy S. Fisher (Overman, Cowardin & Martin, P.L.C., on brief), for appellee.

OPINION

**ELDER, J.**—Appellant (wife) appeals the circuit court's dismissal of her complaint seeking equitable distribution of appellee's (husband) military pension benefits. Wife contends (1) the divorce decree entered January 26, 1993 by the Arizona Superior Court constitutes the appropriate decree from which wife sought relief under Code § 20-107.3(J); and (2) the trial court erred by sustaining husband's demurrer without granting wife leave to amend her bill of complaint. Because wife's action was initiated more than two years after the final divorce decree, we affirm the trial court ruling.

On March 18, 1986, the Arizona Superior Court for the County of Maricopa entered a divorce decree by default, after James R. Altizer (husband) failed to appear in the divorce suit initiated by Julia Campbell (wife). At the time of the divorce and subsequent proceedings, husband was domiciled in Virginia. The Arizona court ordered that wife would receive one-half of the marital share of husband's military retirement benefits upon husband's retirement. The court specifically attempted to assume jurisdiction of any future dispute arising out of its order.

However, when husband retired in 1991, wife was denied any retirement benefits by the Defense Finance and Accounting Service (DFAS). DFAS determined, under 10 U.S.C. § 1408(d), that the Arizona court order was jurisdictionally deficient because husband was a domiciliary and resident of Virginia in 1986 and did not consent to the Arizona court's personal jurisdiction. Wife learned of this jurisdictional deficiency in 1991. On January 26, 1993, the Arizona court modified its 1986 decree at wife's request and stated that all further issues regarding husband's pension were deferred to a court of proper jurisdiction.

On June 2, 1993, wife filed a bill for equitable distribution of the pension in the Circuit Court for the City of Hampton, a court of proper jurisdiction. Husband responded by filing a demurrer, which was sustained on September 29, 1993. The trial court denied wife's request to amend her bill. The trial court found wife's bill of complaint insufficient as a matter of law because the distribution proceeding was initiated more than two years after the receipt of notice of the foreign decree of dissolution (the March 18, 1986 decree). The circuit court's final order was entered on October 13, 1993.

First, we hold the trial court did not abuse its discretion when it determined that the 1986 divorce decree, as opposed to the 1993 decree, was the "foreign decree" contemplated by Code § 20-107.3(J). Thus, wife's action was time-barred because it was brought five years too late. Code § 20-107.3(J) states:

> A court of proper jurisdiction under § 20-96 may exercise the powers conferred by this section after a court of a foreign jurisdiction has *decreed a dissolution of a marriage or a divorce from the bond of matrimony*, if (i) one of the parties was domiciled in this Commonwealth when the foreign proceedings were commenced, (ii) the foreign court did not have personal jurisdiction over the party domiciled in the Commonwealth, (iii) *the proceeding is initiated within two years of receipt of notice of the foreign decree by the party domiciled in the Commonwealth, and* (iv) the court obtains personal jurisdiction over the parties pursuant to § 8.01-328.1(A)(9), or in any other manner permitted by law.

(Emphasis added). While factors (i), (ii), and (iv) were satisfied in this case, factor (iii) was not because wife waited seven years after husband had notice of the divorce decree to seek assistance from the Virginia courts.

We reject wife's argument that the 1986 foreign divorce decree was ineligible to fall under the ambit of Code § 20-107.3(J) because it was not final. There is no reference in subsection J to finality, and we can find no case law to support this argument. In this case, wife obtained a valid divorce decree on March 18, 1986. It makes no difference that the 1986 decree gave the Arizona Superior Court continuing jurisdiction over future disputes; a legal divorce was nonetheless granted in 1986. Thus, wife had only

until March 18, 1988 to initiate proceedings in a Virginia court with proper jurisdiction.

█ We also hold the trial court's refusal to allow wife to amend her bill of complaint was not an abuse of discretion. While Rule 1:8 directs trial courts to allow the liberal amendment of pleadings, " '[t]he decision to permit a party to amend a pleading is discretionary with the trial court. It is reviewable by this Court only for an abuse of that discretion.' " *Alphin v. Alphin*, 15 Va. App. 395, 400, 424 S.E.2d 572, 575 (1992) (quoting *Thompson v. Thompson*, 6 Va. App. 277, 281, 367 S.E.2d 747, 750 (1988)). An amended pleading would not change the fact that wife waited five years too long to bring her suit in Virginia.

█ Wife asserts an amended pleading would have afforded her the opportunity to pursue an alternate remedy under Code § 20-107.3(K)(4). However, wife's reliance on Code § 20-107.3(K)(4) is misplaced. Subsection K(4) allows courts to alter orders only when those orders are "entered pursuant to this section," a phrase which imports its meaning from Code § 20-107.3(A). Subsection A states that a trial court has authority to issue an equitable distribution order when it has decreed a dissolution of the marriage or a divorce from the bond of matrimony, or "upon the filing with the court as provided in subsection J of a certified copy of a final divorce decree obtained without the Commonwealth." In this case, as we have already discussed, wife failed to comply with subsection J. The trial court did not abuse its discretion in denying wife's request to amend her complaint.

For the foregoing reasons, we affirm the trial court's dismissal of wife's bill of complaint.

*Affirmed.*

Baker, J., and Willis, J., concurred.