COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


BRUCE PATRICK McCLURE
                                          MEMORANDUM OPINION[*]
v.   Record No. 2569-95-4                 JUDGE CHARLES H. DUFF
                                            OCTOBER 8, 1996
MARGARET SUSAN McCLURE


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Stanley P. Klein, Judge

        Mary M. Benzinger (Raymond B. Benzinger;
        Benzinger & Benzinger, on brief), for
        appellant.

        Marc A. Astore (Shoun & Bach, on brief), for
        appellee.


     Bruce P. McClure (husband) appeals the decision of the

circuit court awarding spousal support to Margaret Susan McClure

(wife) and deciding other issues.  Husband contends on appeal

that the trial court (1) erred in allowing wife to amend her bill

of complaint; (2) did not have subject matter jurisdiction over

the issues raised in wife's amended bill of complaint; (3) erred

in awarding wife $6,000 in attorney's fees; and (4) erred by

imputing income to husband.  We affirm the decision of the trial

court.

                   Amended Bill of Complaint

     Rule 1:8 provides that "[l]eave to amend [any pleading]

shall be liberally granted in furtherance of the ends of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

justice."  "[T]he decision to permit a party to amend a pleading is discretionary with the trial court.  It is reviewable by this Court only for an abuse of that discretion."  Thompson v. Thompson, 6 Va. App. 277, 281, 367 S.E.2d 747, 750 (1988).

Wife sought leave to amend her previously filed bill of complaint upon entry of the ex parte divorce received in Guam by husband.  In both the original and amended bills of complaint, wife sought spousal and child support, child custody, and equitable distribution of the parties' assets.  The amended bill added a count, based upon the entry of the Guam divorce decree, alleging that the Guam court lacked personal jurisdiction over wife.  The amended bill also requested that wife be designated as the irrevocable beneficiary of husband's survivor benefit or annuity plan.

The original bill and the amended bill both arose in the context of the parties' divorce.  Both bills sought spousal and child support and equitable distribution.  See Rosenberg v. Rosenberg, 210 Va. 44, 47, 168 S.E.2d 251, 253 (1969).  "[T]he allegations of the amended and supplemental bill do not state 'a completely new case', are the proper subject of such a bill and sufficiently relate to the original bill."  Id.  Therefore, there was no abuse of the trial court's discretion.

### Subject Matter Jurisdiction

Husband asserts that, because he obtained a divorce in a foreign jurisdiction, the trial court lacked subject matter

jurisdiction to rule on spousal or child support, child custody, or equitable distribution. However, the court in Guam never had personal jurisdiction over wife. The only court which obtained personal jurisdiction over both parties was the trial court in Virginia.

> Full faith and credit given a foreign divorce decree extends to "property and support rights, as well as to marital status, where the divorce court had personal jurisdiction over the parties." However, when a divorce is granted ex parte the decree is binding only insofar as it terminates the marital status of the parties. Personal rights, which include property and support rights in divorce cases, may not be adjudicated by a court lacking in personam jurisdiction.

Gibson v. Gibson, 5 Va. App. 426, 429, 364 S.E.2d 518, 519 (1988) (citations omitted). "In Virginia, spousal support and maintenance and property rights are cognizable legal obligations which do survive an ex parte foreign divorce decree." Id. Similarly, parents are legally obligated to provide support to their minor child. Featherstone v. Brooks, 229 Va. 443, 448, 258 S.E.2d 513, 516 (1979). The court retains continuing jurisdiction to exercise its authority over the maintenance and support of children. See Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994).

Moreover, under Code § 20-107.3(J), a court of proper jurisdiction

> may exercise the powers conferred by this section after a court of a foreign jurisdiction has decreed a dissolution of a marriage or a divorce from the bond of matrimony, if (i) one of the parties was

3

> domiciled in this Commonwealth when the
> foreign proceedings were commenced, (ii) <u>the
> foreign court did not have personal
> jurisdiction over the party domiciled in the
> Commonwealth</u>, (iii) the proceeding is
> initiated within two years of receipt of
> notice of the foreign decree by the party
> domiciled in the Commonwealth, and (iv) the
> court obtains personal jurisdiction over the
> parties . . . .

(Emphasis added.)  Each of the four requirements was satisfied in this case.  <u>Cf.</u> <u>Campbell v. Altizer</u>, 19 Va. App. 553, 453 S.E.2d 570 (1995).

<u>Parra v. Parra</u>, 1 Va. App. 118, 336 S.E.2d 157 (1985), relied upon as authority by husband, addressed the authority of a trial court to bifurcate a decree of divorce from resolution of equitable distribution issues.  That question, specifically resolved under the current statute, is inapposite to the issue here.

Therefore, the trial court had subject matter jurisdiction.

<u>Attorney's Fees</u>

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court found that husband continued to vigorously object to the court's jurisdiction after the court had rejected

4

husband's arguments.  Husband objected to the court's jurisdiction in a motion filed April 14, 1995, which was denied by the trial court on April 21, 1995.  On May 12, 1995, husband filed a motion for reconsideration and a motion to dismiss wife's amended bill of complaint, both of which raised the same jurisdictional argument.  The court denied husband's motion to dismiss by order entered May 26, 1995 and denied husband's motion for reconsideration on June 9, 1995 "for the same reasons stated in the April 21, 1995 hearing."

The record supports the factual finding by the trial court that husband continued to assert an argument previously rejected by the court.  Based on the number of issues involved and the respective abilities of the parties to pay, the award of $6,000 in attorney's fees to wife was not unreasonable or an abuse of the trial court's discretion.

### Imputation of Income

"[A] court may impute income to a party who is voluntarily unemployed or underemployed.  Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support."  Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (citations omitted).  Decisions concerning child support "rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Id. at

5

784, 447 S.E.2d at 876.

Husband previously earned over $100,000 annually before he was involuntarily retired from the military in August 1994. Husband received notification of his involuntary retirement in January 1994, but the trial court found that husband did not make "totally reasonable efforts to obtain satisfactory, suitable employment" after receiving notification. Husband spent several months during the summer volunteering for the Forest Service in Idaho. By husband's own testimony, the volunteer work resulted in a missed opportunity for husband to obtain a teaching job. Husband submitted evidence that he had attempted to obtain additional employment, but acknowledged that he had not pursued any management positions that paid less than $60,000 annually.

The court is authorized to consider the parties' earning capacity when determining child support. Code § 20-108.1(B)(11). At the time of the hearing, appellant testified that he earned $20 an hour teaching one and one-half hours a day, or 7.5 hours a week. The trial court imputed additional income to husband equal to earnings at the minimum wage for 32.5 hours per week. We cannot say that the trial court's decision to impute income to husband was plainly wrong or unsupported by the evidence.

Accordingly, the decision of the circuit court is affirmed. This matter is remanded to the trial court to assess and award appropriate appellate attorney's fees to wife.

<u>Affirmed and remanded.</u>

6