COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


FRANCES BROADDUS CRUTCHFIELD AND
 HENRY RUFFIN BROADDUS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1095-01-2          JUDGE SAM W. COLEMAN III
                                        APRIL 2, 2002
STATE WATER CONTROL BOARD,
 DEPARTMENT OF ENVIRONMENTAL QUALITY AND
 COUNTY OF HANOVER, VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge

            Benjamin A. Thorp IV (William B. Ellis;
            Ellis & Thorp, P.L.L.C., on briefs), for
            appellants.

            John R. Butcher, Senior Assistant Attorney
            General; Barbara M. Rose, Deputy County
            Attorney (Randolph A. Beales, Attorney
            General; Sterling E. Rives III, County
            Attorney; Yvonne Wellford, Senior Assistant
            County Attorney, on brief), for appellees.


     Frances Broaddus Crutchfield and Henry Ruffin Broaddus,

appellants, appeal a decision of the trial court finding that

Crutchfield and Broaddus lack standing to appeal a decision of the

State Water Control Board (SWCB) to issue a permit to Hanover

County (the County) for the discharge of treated sewage into the

Pamunkey River.  Appellants also contend the trial court abused

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

its discretion in refusing to allow them to file an amended petition for appeal setting forth more detailed allegations of the damage to the appellants' property. The SWCB and the County contend the trial court erred in allowing appellants to file an amended petition for appeal adding the County as a party when the County had not been named as a party in the initial appeal. We find that appellants have standing to contest the issuance of the permit and that the trial court abused its discretion in refusing to allow appellants to file an amended petition for appeal setting forth more detailed allegations of their claimed damages. We further find that the County did not object in the trial court to being named a party to the appeal and the County cannot raise the issue for the first time here. Therefore, we reverse the decisions of the trial court and remand the case for hearings and a decision on the merits.

## BACKGROUND

Appellants own Newcastle Farm (the farm), an 878 acre property located in Hanover County. The farm, which has been in the Broaddus family for six generations, has several miles of river frontage along the Pamunkey River. The farm contains the remains of a colonial era town which is listed as a Virginia Historic Landmark and a portion of Marlbourne, a former plantation, which is listed on the National Historic Landmark Registry.

On April 28, 1999, the SWCB granted the County a Virginia Pollution Discharge Elimination System permit (the permit). The permit allows the County to discharge up to ten million gallons per day of wastewater into the Pamunkey River from an outfall located on appellants' farm. The project also includes a buried thirty-six inch pipe that will transport the waste to the outfall across appellants' farm.

In January 1999, the SWCB held a public hearing on the County's pending application. Appellants presented evidence at the hearing, and, on February 4, 1999, they submitted written comments to the SWCB. The comments explained appellants' opposition to the project based on their concerns that the proposed discharge would adversely affect the river's already impaired water quality and would cause damage to fish and other wildlife.

The parties agree that the Pamunkey River below the proposed discharge site has experienced problems with dissolved oxygen levels falling below the standard established for the river. Furthermore, they agree that the proposed discharge will contain oxygen demanding pollutants which can contribute to low dissolved oxygen levels.

On June 28, 1999, appellants filed a petition for appeal in the Richmond Circuit Court alleging that the permit was issued in violation of state water control law. Appellants requested that the trial court find the permit invalid and void. The petition

-

identified appellants as the owners of the property which is the site of the proposed outfall and discharge.  The petition specifically alleged that the proposed discharge would harm the water quality of the already impaired Pamunkey River, would harm fish and other animal life, and would impair the use of the river for recreation.  Appellants attached as an exhibit to the petition a February 4, 1999 letter containing their written comments to SWCB concerning the project.  In the letter, appellants also alleged the proposed plan would adversely affect significant, documented historic resources on the farm.

On July 23, 1999, the SWCB filed a demurrer to the appeal, alleging that the petition failed to name a necessary party, the County.  The SWCB also alleged that appellants lacked standing to appeal the issuance of the permit because they failed to allege injury or damage to their personal interests.  At a hearing held on April 26, 2000 on the demurrer, appellants argued that the initial petition contained sufficient allegations to confer standing in the case, but in the event the trial court decided otherwise, they requested leave to amend the original petition to include a more detailed accounting of the injuries and damage that would be sustained by them as a result of the proposed discharge.  They also requested leave to amend the petition to add the County as a party.

In a letter opinion dated May 24, 2000, the trial court rejected the positions of the SWCB, found that appellants had

-

standing in the case, and granted leave to appellants to amend the petition to add the County as a party. The trial court found that the February 4, 1999 letter contained sufficient allegations of injury and damage directly to appellants by alleging that the proposed project would injure the historic resources located on appellants' farm. The trial court also found that the initial petition and the February 4, 1999 letter failed to include sufficient allegations of injury or damage to appellants' aesthetic or recreational interests. The trial court entered an order on June 14, 2000 granting leave to appellants to amend their petition to name the County as a party.

On June 30, 2000, appellants filed a First Amended Petition for Appeal (amended petition), naming the County as a party and adding several paragraphs that were not included in the original petition further expounding on the injuries and damage they contend would result from the issuance of the permit. In the amended petition, appellants described themselves as "riparian" co-owners of the farm. Appellants also added paragraphs stating that they personally use the river for recreational activities, such as swimming, boating, fishing, and canoeing and that they would cease to use the river at and near the proposed discharge location site for these recreational activities if the sewage outfall was located as proposed. In addition, appellants alleged in the amended petition that the project would damage the aesthetic interests of the farm.

-

The SWCB and the County each filed a motion to strike all of the new allegations in the amended petition. The SWCB requested that the trial court strike the amended petition and direct appellants to file an amended petition in conformance with the court's June 14, 2000 order. In its motion to strike, the County conceded that the June 14, 2000 trial court order granted leave to appellants to amend the petition to name the County as a party. Furthermore, in its motion to strike, the County asserted that appellants amended the petition to add allegations that were not authorized by the court's order and letter opinion. The County requested only that appellants be directed to file an amended petition in conformance with the trial court's June 14, 2000 order and May 24, 2000 letter opinion, raising no objection to the trial court's ruling granting leave to appellants to name the County as a party. The SWCB also sought leave to take the depositions of appellants regarding the standing issue.

At a hearing held on September 13, 2000, the trial court granted the motions to strike the new allegations in the amended petition. Appellants renewed their motion to file an amended petition containing the additional allegations of injury. The trial court asked, "[H]aving found that the [original] petition was sufficient on its face, and . . . having overruled the [SWCB's] demurrer, why do you need these additional allegations?" Appellants asserted that the SWCB was continuing to contest the issue of standing because it requested to take their depositions.

-

Therefore, appellants averred that the additional allegations in the amended petition would clarify the standing issue. Indeed, counsel for the SWCB later stated that the purpose of taking the depositions was to gather information from appellants concerning the standing issue. The trial court granted the SWCB's motion for leave to take depositions of appellants and denied appellants' motion to amend the petition.

At a hearing held on November 9, 2000, the SWCB argued that appellants had not proved they had standing to contest the issuance of the permit. The SWCB argued that appellants' original petition pled standing based only on their claim that the project would injure historic resources. The SWCB then asserted that appellants' testimony in the depositions showed that a consultant had indicated that the project would not affect the historical resources located on the property. Furthermore, the SWCB asserted that appellants indicated in their depositions that they would cease their recreational uses of the river even if the project discharged water that met drinking water standards and that appellants objected to the project whether or not it met water quality standards.

On March 15, 2001, the trial court issued another letter opinion finding that "standing, although sufficiently alleged, has not been proved." The trial court dismissed the case on that ground. The trial court found that appellants' sole averment in the original petition had been damage to historic sites. However,

-

appellants' depositions had revealed that a cultural resource study concluded the project "will not have an effect on the location, setting or use that contributes to Marlbourne's significance." In addition, the trial court found that whatever injuries appellants claimed, such claims amounted only to "'abstract distress'" and were insufficient to confer standing. Appellants appeal the trial court's decision that they lack standing.

## I. STANDING

"In analyzing a decision on Article III standing, we review the [trial] court's factual findings for clear error. We consider the legal question of whether [appellants] possess[] standing to sue as a de novo matter." Piney Run Pres. Ass'n v. County Comm'rs, 268 F.3d 255, 262 (4th Cir. 2001). The elements of standing are "not mere pleading requirements," but must be supported by sufficient evidence. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Code § 62.1-44.29 provides that any person who has participated, in person or by submittal of written comments, in the public comment process related to a final decision of the SWCB to issue a Virginia Pollution Discharge Elimination System permit is entitled to judicial review thereof if such person meets the standard for obtaining judicial review of a case or controversy under Article III of the United States Constitution.

-

A person shall be deemed to meet such
standard if (i) such person has suffered an
actual or imminent injury which is an
invasion of a legally protected interest and
which is concrete and particularized; (ii)
such injury is fairly traceable to the
decision of the [SWCB] and not the result of
the independent action of some third party
not before the court; and (iii) such injury
will likely be redressed by a favorable
decision by the court.

Code § 62.1-44.29.

"[W]hen the suit is one challenging the
legality of government action . . ., the
nature and extent of facts that must be
averred . . . in order to establish standing
depends considerably upon whether the
plaintiff is himself an object of the action
. . . at issue.  If he is, there is
ordinarily little question that the action
. . . has caused him injury, and that a
judgment preventing . . . the action will
redress it."

Mattaponi Indian Tribe v. Commonwealth, 261 Va. 366, 376-77, 541

S.E.2d 920, 925 (2001) (quoting Lujan, 504 U.S. at 561-62).

We find that the original petition for appeal sufficiently

alleged the elements of standing and that appellants' deposition

testimony further proved they had standing in the case.  The

original petition stated that appellants are co-owners of the

property located on the Pamunkey River.  The treated sewage

outfall will be located on appellants' property, and the sewage

will be discharged from this outfall into the waters of the

Pamunkey River.

"'Riparian land' is land which is contiguous to and touches

a watercourse."  Code § 62.1-104(5).  "'Riparian owner' is an

-

owner of riparian land."  Code § 62.1-104(6).  The rights of a riparian owner include "'[t]he right to make a reasonable use of the water as it flows past or leaves the land.'"  Thurston v. City of Portsmouth, 205 Va. 909, 912, 140 S.E.2d 678, 680 (1965) (citation omitted).  Riparian rights also include "'[t]he right to be and remain a riparian proprietor and to enjoy the natural advantages thereby conferred upon the land by its adjacency to the water.'"  Id. at 911-12, 140 S.E.2d at 680 (citation omitted).

The original petition and the February 4, 1999 letter alleged harm to resources to which riparian owners have a recognized legal right.  The February 4, 1999 letter states that several speakers commented at the public hearing concerning their recreational uses of the river immediately downstream from the proposed discharge site.  The letter further states, "Those using this area are not limited to the property owners." Clearly, this statement indicates that appellants use the river for recreational activities.  Indeed, in their depositions, which were considered by the trial court in deciding this issue, appellants confirmed that they use the river for swimming, boating, and fishing and that the location of the outfall would adversely affect their recreational use of the river and the aesthetic value of the river.  These allegations show more than "abstract distress" or "'general averments'" of injury to others.  See Friends of the Earth v. Laidlaw Envtl Servs., Inc.,

-

528 U.S. 167, 183 (2000) (citation omitted) (Court found standing where plaintiffs' "reasonable concerns about the effects of . . . discharges directly affected [their] recreational [and], aesthetic interests" and were more than "'general averments'" and "'conclusory allegations'").

Furthermore, "[a] plaintiff can show an 'injury in fact' when he or she suffers 'an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent.'" Piney Run, 268 F.3d at 263 (citation omitted). "[A] plaintiff need only show that he used the affected area, and that he is an individual 'for whom the aesthetic and recreational values of the area [are] lessened' by the defendant's activity." Id. (citation omitted). Moreover, the Fifth Circuit has held that citizens' concerns about water quality sufficed as an injury in fact where two of the affiants lived near the affected water and used the water for recreational activities. The Court stated that it was sufficient to confer standing where "the affiants expressed fear that the discharge . . . will impair their enjoyment of these activities because these activities are dependent upon good water quality. Clearly, [the] affiants have a direct stake in the outcome of this lawsuit." Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 556 (5th Cir. 1996). See also Sierra Club v. Morton, 405 U.S. 727, 735 (1972) (plaintiffs adequately allege injury in fact when they aver they use affected area and are

-

persons "for whom the aesthetic and recreational values of the area will be lessened" by challenged activity); <u>Friends of the Earth v. Gaston Copper Recycling Corp.</u>, 204 F.3d 149, 159 (4th Cir. 2000) (allegations that plaintiffs use affected area and aesthetic and recreational values would be decreased by challenged activity sufficient for injury in fact).

Appellants have also met the "causation" prong of standing criteria. The injuries they have alleged are "fairly traceable" to the decision of the County to discharge sewage into the Pamunkey River from an outfall located on appellants' property and the decision of the SWCB to issue the discharge permit to the County. The injuries are not the result of a third party not before the court. <u>See</u> <u>Mattaponi Indian Tribe</u>, 261 Va. at 377, 541 S.E.2d at 925-26. Indeed, the parties agree that the river below the discharge site has experienced problems with dissolved oxygen levels and that the sewage discharge will contain oxygen demanding pollutants which can contribute to low dissolved oxygen levels.

Furthermore, the injuries alleged would be redressed by a favorable decision of the court if the trial court declared that the permit was issued illegally and was therefore void. Accordingly, appellants have standing to challenge the issuance of the permit.

-

## II.  AMENDED PETITION

The original petition alleged that the project would cause damage to historic resources on the property.  Initially, the trial court found that those allegations were sufficient to confer standing.  However, the trial court later reversed itself, finding that a cultural resources study indicated that historic resources on the property would not be affected by the project.  Prior to the trial court's decision that appellants lacked standing, appellants requested leave to amend the petition in order to make further allegations as to the injuries they would suffer as a result of the project.  However, the trial court denied the request.  We find that the trial court abused its discretion in denying appellants leave to amend the petition to add allegations of injury.

Rule 1:8 provides that "[l]eave to amend [any pleading] shall be liberally granted in furtherance of the ends of justice."  "[T]he decision to permit a party to amend a pleading is discretionary with the trial court.  It is reviewable by this Court only for an abuse of that discretion."  Thompson v. Thompson, 6 Va. App. 277, 281, 367 S.E.2d 747, 750 (1988).

The original petition and the amended petition both arose in the context of appellants' challenge to the decision of the SWCB to issue the permit to the County.  Both the original and amended petitions requested the same relief--that the trial court declare that the permit was issued in violation of state

-

law and was therefore invalid.  The amended petition did not state a completely new case and was sufficiently related to the original petition.  See Rosenberg v. Rosenberg, 210 Va. 44, 47, 168 S.E.2d 251, 253 (1969) (finding trial court erred in refusing to grant leave to husband to file amended bill of complaint in divorce action).  The amended petition merely contained detailed allegations concerning the injuries appellants purportedly would suffer as a result of the project.  Furthermore, appellants' deposition testimony supported these allegations of injury.  Accordingly, the trial court abused its discretion in refusing to allow appellants to file the amended petition for appeal.

### III.  THE COUNTY AS A PARTY

The SWCB and the County argue that the County is a necessary party to the action, but that, pursuant to the time limitations of Rule 2A:4, the trial court was without authority to grant appellants leave to amend the petition for appeal to add the County as a party.

> "'Where an individual is in the actual
> enjoyment of the subject matter, or has an
> interest in it, either in possession or
> expectancy, which is likely either to be
> defeated or diminished by the plaintiff's
> claim, in such case he has an immediate
> interest in resisting the demand, and all
> persons who have such immediate interests
> are necessary parties to the suit.'"

-

<u>Asch v. Friends of the Cmty. of Mount Vernon Yacht Club</u>, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996) (citations omitted).

The County, as the permittee, has an immediate interest in the outcome of the suit and is a necessary party to the action. See <u>Browning-Ferris Indus. v. Residents Involved in Saving the Environment, Inc.</u>, 254 Va. 278, 282-83, 492 S.E.2d 431, 434 (1997). Furthermore, appellants' failure to name the County in the original petition is not fatal pursuant to Rule 2A:4. Rule 2A:4(a) requires an appellant to file a petition for appeal within thirty days of filing the notice of appeal. This Court has held that the time limitation in Rule 2A:4 is mandatory and the trial court is not authorized to extend the time limits. <u>Mayo v. Dep't of Commerce</u>, 4 Va. App. 520, 524, 358 S.E.2d 759, 762 (1987). However, here, appellants timely filed a petition for appeal, and, pursuant to Rule 1:8, the trial court had discretion to grant leave to appellants to amend the petition to name the County as a party. Thus, the failure to name the County in the original petition was not a jurisdictional defect in the pleading.

Furthermore, the record contains no objection or pleading filed by the County raising an objection to being added as a party to the suit. The County filed an answer to appellants' amended petition. Moreover, in its motion to strike the amended petition for appeal, the County requested only that appellants be directed to file an amended petition for appeal that

-

conformed with the trial court's June 14, 2000 order granting leave to appellants to amend the petition to name the County as a party. Accordingly, the County has waived any objection to being named as a party.

For the foregoing reasons, we reverse the trial court's ruling that appellants lack standing to appeal the issuance by the SWCB of the permit. We also reverse the trial court's decision refusing appellants leave to file the amended petition for appeal to add further allegations of injury, and we remand the case to the trial court for trial upon the merits of appellants' claims.

<u>Reversed and remanded.</u>

-