COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, McClanahan and Senior Judge Coleman


ANNE M. BLOCK

MEMORANDUM OPINION*

v.      Record No. 1074-03-4               PER CURIAM
                                           JANUARY 13, 2004

ROBERT M. BLOCK


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(J. Patrick McConnell; Heather D. Dawson; Timothy S. Bird; Odin,
Feldman & Pittleman, P.C.; Bird & Stanley, LLC, on brief), for
appellant.

No brief for appellee.[1]


The circuit court granted Robert M. Block (husband) a divorce from Anne M. Block (wife)

on the ground on adultery.  Wife appeals, and presents the following two questions:

1.  Did the trial court commit error in granting leave for Robert
Block to file a Supplemental Cross-Bill of Complaint for Divorce
alleging adultery and granting a divorce based on allegations that
occurred after the trial court granted a continuance of the trial
date?

2.  Did the trial court commit error in finding that the record
supported a finding that Anne Block had sexual relations with an
individual other than her husband between December 1996 and
June 15, 2001?

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] By order dated October 31, 2003, we suspended the briefing schedule in this case until
further order of the Court.

Upon reviewing the record and opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.[2]

Background

The parties were married in 1977. Wife filed for divorce in 2001. Husband filed a cross-bill and an amended cross-bill. By order entered March 19, 2002, the trial court, over wife's objection, continued the trial until September 2002 and set a pretrial conference for June 6, 2002. On June 26, 2002, husband moved to file a supplemental cross-bill, alleging that wife had committed adultery on June 8 and 9, 2002. Over wife's objection, the court granted leave for husband to file the supplemental cross-bill. Thereafter, the court heard evidence and issued an opinion letter in February 2003. In its March 24, 2003 decree, the court granted husband a divorce "on the grounds that ANNE M. BLOCK has committed acts of adultery with William E. Christy on our [sic] about June 8 and 9, 2002 at the Gifford Pinchot State Park in the Commonwealth of Pennsylvania and at other times thereafter . . . ."

Discussion

I.

Wife concedes she committed adultery with Christy in June 2002. She argues, however, that

> [a]lthough acts of post-separation adultery are permissible as grounds for divorce in Virginia, the Virginia Supreme Court has provided a policy reason why such acts should *not* be considered when they occur *after* the parties have filed for divorce and have been separated for more than one year. In Coe v. Coe, 225 Va. 616, 303 S.E.2d 923 (1983), the Court reasoned that because the "*statutorily mandated waiting period* between the time separation

---

[2] By order dated October 6, 2003, we concluded that several volumes of transcripts of trial proceedings were not timely filed. We ordered appellant to show cause why this appeal should not be dismissed. Appellant responded to the order on October 22, 2003, and both parties filed supplemental pleadings connected thereto. We conclude that the untimely transcripts are not indispensable to our determination of the questions presented on appeal. Accordingly, we dismiss the show cause.

occurs and the time a final decree of divorce can be granted is designed primarily to give the parties an opportunity to reconcil . . . the commission of adultery *during that period* . . . is the one act most likely to frustrate and prevent a reconciliation." Id. at 620, 303 S.E.2d at 925-26 (emphasis added). Therefore, an act of adultery committed *beyond* the one-year statutorily mandated period of separation, and thus, well after the parties have had ample time to reconcile, should *not* constitute grounds for divorce where such act clearly had nothing to do with the dissolution of the marriage and where the policy of the Commonwealth to promote reconciliation is not offended.

For these reasons, wife contends, the trial court erred in allowing husband to file a supplemental cross-bill alleging the June 2002 acts of adultery and in basing the divorce on those acts.

In Rosenberg v. Rosenberg, 210 Va. 44, 168 S.E.2d 251 (1969), the Supreme Court held that the trial court erred in refusing to allow Mr. Rosenberg to file an amended and supplemental bill of complaint alleging post-separation adultery on the part of Mrs. Rosenberg. Id. at 47, 168 S.E.2d at 253. The Coe Court "decline[d] defendant's invitation to overrule Rosenberg," noting that the General Assembly had not, in the intervening years, chosen to respond to the ruling in Rosenberg. Coe, 225 Va. at 619, 303 S.E.2d at 925.

Despite the emphasis wife places on certain language in Coe, we cannot ignore the fact that the Coe Court explicitly let Rosenberg stand. We have no authority to overrule Rosenberg or to draw the novel distinction from Coe that wife urges upon us. "[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them]." Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991).

Accordingly, we cannot say that the trial court abused its discretion in granting husband leave to file the supplemental cross-bill or in basing the divorce on the acts of adultery that occurred in June 2002.

- 3 -

Wife contends the trial court erred in finding that she had sexual relations with someone other than her husband between December 1996 and June 15, 2001. The trial court made this finding in its February 2003 opinion letter. However, the court did not grant the divorce based upon this finding; rather, it granted the divorce based on the finding that wife committed adultery in June 2002.

Because we have determined that the trial court did not err in granting husband a divorce based on the June 2002 adultery, and because the trial court did *not* grant the divorce based upon adultery occurring during the 1996-2001 period, we need not address this issue on appeal. The finding contained in the opinion letter is not relevant to the ground of divorce and is not relevant to this appeal.

Affirmed.