**Richmond**

SHANNON V. ALPHIN

v.

DARNELL G. ALPHIN

No. 2279-91-2

Decided December 8, 1992

COUNSEL

Robert C. Bode (Hooker, Bode, Collier and Dickinson, on brief), for appellant.

G. Warthen Downs (Downs & Wright, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—By final decree entered November 27, 1991, Darnell G. Alphin (husband) was divorced from Shannon V. Alphin (wife) on the ground that the parties had lived separate and apart for a period in excess of one year. Code § 20-91(9)(a). The decree ordered the husband to pay child support in the amount of $725 per month, and spousal support in the amount of $1,500 per month. In addition, the decree incorporated the trial judge's ruling as to the equitable distribution of the parties' assets. Both parties appeal, asserting multiple grounds of error on the issues of spousal support and equitable distribution. We find that all the questions presented are without merit and affirm the decision of the trial judge.

## I. QUESTIONS PRESENTED

The wife argues the trial court erred: (1) in failing to grant her a divorce on the ground of desertion; (2) in failing to grant her a divorce on the ground of adultery, despite the husband's admission and corroborating evidence of post-separation adultery; (3) in awarding an insufficient amount of spousal support; and (4) in ruling that the husband did not waste approximately $100,000 of marital funds after the separation.

The husband asserts three grounds of cross-error. The trial court erred: (1) in awarding the wife an excessive amount of the marital assets; (2) in ordering him to pay the wife's first attorney $2,000, and to pay her second attorney $3,000; and (3) by failing to state the weight accorded to the factors set forth in Code § 20-107.3(E).

## II. BACKGROUND

The parties were married August 4, 1973 and separated on January 17, 1990 when the husband left the marital home. Shortly thereafter, the wife instituted divorce proceedings, alleging that her husband deserted the marriage. Husband filed an answer and cross-bill alleging cruelty and constructive desertion by the wife. The trial judge held an *ore tenus* hearing on October 19, 1991, at which time all pending matters were heard, including the grounds for divorce, equitable distribution, spousal and child support, attorney's fees and the wife's motion to amend her pleadings to allege adultery as an additional ground for divorce. The trial judge denied the wife's motion to amend her bill of complaint and granted a divorce to the husband based on a one-year

separation. On October 24, 1991, the trial judge issued an opinion letter deciding all issues, which findings were incorporated into the final divorce decree.

The parties were married for over eighteen years, the first marriage for each. They have two minor children, who are in the custody of the wife. Throughout most of the marriage, the husband, who has a college education, was employed by Best Products Incorporated. After the parties separated, Best Products filed for Chapter 11 bankruptcy protection, and the husband, along with many other employees, was discharged. His salary at the date of discharge was $73,400, plus benefits. He is currently employed in similar employment as a district manager for another department store, but at a significantly reduced salary. The husband was the major financial provider during the marriage, and he is presently in good health.

The wife was primarily a homemaker during the marriage. She has a high school education and has held occasional jobs as a sales clerk. She is a licensed real estate agent, but is currently unemployed and has significant mental health problems.

The parties purchased several homes during the marriage. Each time, with the exception of the last purchase of the marital home, the parties "traded-up" to a residence with a higher market value. In the fall of 1987, they purchased a residence for $335,000. Shortly thereafter, they placed their children in private school and generally overextended themselves financially. Six months before the separation, the residence was sold for $480,000 and the parties purchased the wife's present residence for $220,000. The most recent appraisal values this dwelling at $175,000, and there is an outstanding mortgage on the property of $148,000.

### III. GROUNDS FOR DIVORCE

■ "Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Pommerenke v. Pommerenke*, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting *Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

■ The trial court did not err in failing to award the wife a divorce on the ground of desertion. The law requires corroboration in order to prove any ground of divorce. *See* Code § 20-99. It is clear from the record that the wife did not adequately corroborate her allegation that her husband deserted the marriage. Furthermore, where "multiple grounds for divorce exist, the trial [court] can use [its] sound discretion to select the grounds upon which [it] will grant the divorce." *Lassen v. Lassen,* 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). In the case at bar, the trial judge ruled that this divorce should be granted to the husband based upon the parties having been separated for one year, which was proven and corroborated by the evidence. Accordingly, the trial judge did not abuse his discretion in determining the appropriate ground upon which to grant the divorce.

## IV. AMENDMENT OF PLEADING—ADULTERY

In June 1991, wife's counsel received a private investigator's report which provided a strong indication that the husband had committed adultery. During discovery depositions, the husband admitted under oath that he had engaged in post-separation adultery. This admission was corroborated by the deposition testimony of his paramour. However, despite the availability of this evidence, the wife chose not to make a motion to amend her pleadings to allege adultery as an additional ground of divorce until the day of trial.

■ "The decision to permit a party to amend a pleading is discretionary with the trial court. It is reviewable by this Court only for an abuse of that discretion." *Thompson v. Thompson,* 6 Va. App. 277, 281, 367 S.E.2d 747, 750 (1988). In denying the wife's motion to amend her bill of complaint, the trial judge stated:

> When [the adultery] occurred is not nearly as important as when it's being brought before the Court, which is today, and I think that's too late. Obviously, it's something I can consider as to the reason for separation: Was it because the beds weren't made, or was it because of some other reason out there. I think I can take that into consideration, but the motion to amend is denied.

The wife had sufficient time to seek leave of court to amend her pleadings prior to the scheduled final hearing. Her failure to do so without any justification provides ample reasons for the trial judge to deny the motion to amend. The wife's appeal on this issue is without merit.

## V. SPOUSAL SUPPORT

■ The trial judge wrote in his letter opinion that he had "reviewed the factors set out in [Code] § 20-107.1 in establishing spousal support." In addition, he indicated that "[n]umbers 1, 2, 3, 4, 5, and 8 [of Code § 20-107.1] are of particular significance." "When a court awards support based upon due consideration of these factors, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.' " *Lassen*, 8 Va. App. at 505, 383 S.E.2d at 473 (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986)). Furthermore, "it is presumed 'that a trial judge properly based his decision on the evidence presented . . . and properly applied the law.' " *Williams v. Williams*, 14 Va. App. 217, 221, 415 S.E.2d 252, 254 (1992) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989)).

The wife argues that the trial judge awarded her an insufficient amount of spousal and child support. We find no merit to either claim. The wife requested a total payment of $4,262.51 per month, an amount only slightly less than the husband's total monthly income. It is apparent that the child support award of $725 per month was properly calculated pursuant to the guidelines set forth in Code § 20-108.2. No evidence indicates that the husband's $725 per month child support obligation is inappropriate.

■ The wife's request for additional spousal support is premised on her belief that the division of the marital property did not adequately compensate her, and that she cannot pay her obligations with the amount awarded. In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay. Although the evidence established that the wife had a significant need for spousal support, the husband had no greater ability to pay than the amount the trial judge ordered. In fixing the amount of support, the trial "court must look to the financial needs of the [receiving party], her age, physical condition and ability to earn, and balance against these circumstances the financial ability of the [other spouse] to pay, considering his income and his ability to earn." *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 756-57 (1987).

■ The husband's current gross monthly income is approximately $5,000, which yields a net monthly income of $3578.95. The trial judge ordered the husband to pay $725 in child support and $1,500 in

spousal support, producing a combined support obligation of $2225 per month. When the support award is compared to the husband's expenses and his ability to pay, we cannot say that the trial judge erred in the amount of support awarded. "[I]n fixing spousal support a trial court has broad discretion which should not be interfered with by an appellate court unless it is clear that some injustice has been done." *Papuchis v. Papuchis*, 2 Va. App. 130, 133, 341 S.E.2d 829, 831 (1986) (citing *Oliver v. Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960)). Accordingly, we affirm the trial court's award of child and spousal support.

## VI. WASTE OF MARITAL ASSETS

The wife argues that the trial court erred in ruling that the husband did not waste approximately $100,000 of marital funds they possessed at the time of separation. Waste is generally "characterized as the dissipation of marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy." *Booth v. Booth*, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988). "Just as a court may consider positive contributions to the marriage in making an equitable distribution award, it can also consider 'negative' contributions in the form of squandering and destroying marital resources." *Id.*

The evidence showed that just before the parties separated, they held approximately $95,000 in joint accounts. Shortly after they separated, the husband changed the accounts to his sole name. The husband acknowledges that he spent these funds and additional monies earned from the date of separation through September 1, 1991. He testified that, in order to pay marital debts and expenses, including medical bills for his wife and voluntary support to his wife at a rate of $6,000 per month, he expended a total of $198,000 over a twenty-one month period. He further testified that during the year before they separated, they were able to get by on his $50,000 take-home pay.

The husband does not dispute that he withdrew these funds and put them in accounts under his sole dominion and control. Therefore, the husband had the burden to "establish by a preponderance of the evidence that the funds were used for living expenses or some other proper purpose." *Clements v. Clements*, 10 Va. App. 580, 587, 397 S.E.2d 257, 261 (1990). "Once the aggrieved spouse shows that marital funds were withdrawn or used after the breakdown, the burden

rests with the party charged with dissipation to prove that the money was spent for a proper purpose." *Id.* at 586, 397 S.E.2d at 261.

■ At trial, the husband provided the court with a detailed list of funds that the parties held on the date they separated and a complete list of each expenditure that he made from these assets. The trial judge examined the evidence and specifically found that the husband did not dissipate any marital asset. We have held that the use of funds for living expenses, medical bills and other necessities of life while the parties are separated does not constitute dissipation. *Id.* at 587, 397 S.E.2d at 261 (citations omitted). The evidence proves that all the expenditures were for a proper purpose. The wife presented no evidence to the contrary. The trial judge reviewed the evidence and was satisfied with the husband's explanation of the expenditures. Accordingly, the trial judge's finding that the husband did not dissipate any marital asset is supported by credible evidence, and that ruling will not be disturbed.

## VII. EQUITABLE DISTRIBUTION

■ There are three basic steps that a trial judge must follow in making an equitable distribution of property. "The court first must classify the property as either [separate, marital, or part separate and part marital property]. The court then must assign a value to the property based upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." *Marion v. Marion*, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). "[T]he division or transfer of marital property and the amount of any monetary award is a matter committed to the sound discretion of the trial court." *Zipf v. Zipf*, 8 Va. App. 387, 393 n.2, 382 S.E.2d 263, 266 n.2 (1989). However, any division or award must be based upon the equities and the rights and interests of each party in the marital property. *See Keyser v. Keyser*, 7 Va. App. 405, 410, 374 S.E.2d 698, 701 (1988).

The wife argues that the trial judge should have allocated the tax liability that will arise from the earlier sale of the former marital residence for $480,000. The trial judge declined to decide who should pay the tax debt to the Internal Revenue Service when it is determined, stating "[i]t will be a matter between the IRS and the parties." Under Code § 20-107.3(C), the trial court had the "authority to apportion and order the payment of the debts of the parties." However, the language of subsection (C) is not mandatory. Furthermore, no tax liability

had been determined. Additionally, the revenue from the sale of the home had been used to acquire the residence where the wife resides and to pay the separate living expenses of both spouses. The trial judge's decision to refrain from allocating what is a potential tax debt was not an abuse of discretion. The judge considered the tax consequences to each party in making his equitable distribution award pursuant to Code § 20-107.3(E)(9). Accordingly, we find no reversible error on these grounds.

The husband argues that the equitable distribution award to the wife was overly generous and based on sympathy rather than a proper consideration of the contributions of the parties according to the factors in Code § 20-107.3(E). This contention is without merit. The trial judge's opinion letter clearly states that he considered all the statutory factors listed in Code § 20-107.3(E)(1)-(10), and he ordered an equitable distribution as follows:

TO WIFE:

Marital home . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $26,836

All furniture and jewelry . . . . . . . . . . . . . . . . . . . . . . . . $17,142

1989 Volvo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $13,400

Half of husband's 401K . . . . . . . . . . . . . . . . . . . . . . . . $ 6,640

Lump sum award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $12,000

TO HUSBAND:

1990 Audi . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $17,475

Half of husband's 401K . . . . . . . . . . . . . . . . . . . . . . . . $ 6,640

Cash surrender value of life ins . . . . . . . . . . . . . . . . . . . $ 4,500

While it is true that the wife has received a significantly higher percentage of the marital estate, this alone does not indicate an improper division between the parties. Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal distribution of assets. *Papuchis*, 2 Va. App. at 132, 341 S.E.2d at 830.

Credible evidence was presented regarding the wife's contributions to the marital assets, including prudent selections of the various residences and the associated sacrifices of moving from place to place to

facilitate her husband's career advancement. In addition, there was testimony that the wife's primary award of the value of the marital home was potentially offset by significant repair costs. Under these circumstances, we find nothing to show that the trial judge abused his discretion.

## VIII. CONSIDERATION OF STATUTORY FACTORS

The husband argues that the trial judge erred by failing to state the weight accorded to each of the factors set forth in Code § 20-107.3(E). In any equitable distribution proceeding, the trial judge must consider all the specifically enumerated factors in exercising his or her discretion, and "the Supreme Court and this Court have repeatedly. held that it is reversible error for the trial judge to fail" to do so. *Robinson v. Robinson*, 5 Va. App. 222, 227, 361 S.E.2d 356, 358-59 (1987) (citations omitted).

The appropriate consideration of the factors entails more than a mere recitation in the record or decree that all the statutory factors have been considered or reviewed. The enumerated factors are intended to guide the court's exercise of discretion, and substantive consideration of these factors should be incorporated into the decision-making process. *See Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). "This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." *Id.* However, when a trial judge fails to articulate sufficiently the consideration he or she has given to the statutory criteria, "we must examine the record to determine if the award is supported by evidence relevant to those factors." *Gibson v. Gibson*, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988).

The trial judge thoroughly examined the evidence and applied the applicable statutory guidelines in arriving at the award, as is apparent from the judge's letter opinion and our review of the record. Indeed, the first paragraph of the trial judge's letter opinion identified those factors that he believed to be notable in making his award. The record is replete with credible evidence that shows that the trial judge properly considered all the statutory factors. The award is adequately supported by the evidence relevant to those factors. Accordingly, the husband's challenge to the trial court's ruling on this issue is without merit.

## IX. ATTORNEY'S FEES

 The husband challenges the trial court's award of partial attorney's fees to his wife. He argues that the evidence proves that his wife's dilatory tactics significantly delayed the disposition of this case and created unnecessary legal expenses. It is well established that an award of attorney's fees in a divorce proceeding is "a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)).

In this case, the wife requested attorney's fees in the amount of $13,991 and the trial judge awarded $5,629.55. The trial judge fully considered all aspects of the wife's request, and awarded only an amount that reflected those fees deemed reasonable. It is of no import that the payments were divided between two attorneys where legal counsel was provided *seriatim* to the wife. The Court's ruling in *Colbert v. Colbert*, 162 Va. 393, 174 S.E. 660 (1934), is inapposite, because, in *Colbert*, the Court held that a spouse should not have to pay for two attorneys who were *simultaneously* representing the other spouse.

 Code § 20-79(b) provides the authority for the trial court to award attorney fees in cases of this nature, "if in the judgment of the court . . . [an award] . . . should be so decreed." "We have said that 'the key to a proper award of counsel fees . . . [is] reasonableness under all the circumstances revealed by the record.' " *Poliquin v. Poliquin*, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991) (quoting *Westbrook v. Westbrook*, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988)). Applying this maxim to this case, we conclude that the trial judge did not err in the award of attorney's fees.

*Affirmed.*

Benton, J., and Coleman, J., concurred.