COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


EARL DEAN ROBERTS

MEMORANDUM OPINION* BY
v.    Record No. 0095-01-3         JUDGE G. STEVEN AGEE
                                    OCTOBER 23, 2001
PATRICIA LEE ROBERTS


FROM THE CIRCUIT COURT OF LEE COUNTY
Birg E. Sergent, Judge

Lonnie L. Kern (Kern & Kern, P.C., on brief),
for appellant.

Charles L. Bledsoe for appellee.


Earl Dean Roberts (husband) appeals the December 14, 2000
decision of the Lee County Circuit Court on the issue of
equitable distribution upon the termination of his marriage to
Patricia Lee Roberts (wife).  Husband contends on appeal that
the circuit court erred by accepting the appointed
commissioner's findings and determinations as to the equitable
distribution of the parties' property.  It is his contention
that the commissioner failed to properly classify real property
in Kentucky, failed to properly value real and personal property
in the marital estate, and made the equitable division without
considering the mandatory factors in Code § 20-107.3.  As the

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

commissioner's report, which was adopted by the circuit court, fails in most instances to fully specify the marital, separate and hybrid interests of the parties in all properties in dispute, with attendant values, and because we do not find support in the record that the statutory factors were properly considered or applied in this matter, we remand this matter for further consideration. Certain aspects of the court's decree are affirmed as set out below.

As the parties are fully conversant with the record in this case (such as it is) and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited. The Court notes the preparation of the record made disposition of this case unnecessarily difficult.

## I. BACKGROUND

Husband and wife have been involved in an acrimonious divorce proceeding for several years. On August 9, 1999, the circuit court appointed a special commissioner to consider the basis for the divorce, to determine equitable distribution and spousal support. The parties submitted depositions to the commissioner for her consideration, and she presented her final report on March 15, 2000. Exceptions were filed, and various hearings held during 2000 over claimed deficiencies in the commissioner's report.

The commissioner's report set out an equitable distribution scheme to which both parties initially objected. The parties' property in Lee County was valued at $120,700, based on the only submitted appraisal at the time, with a secured deed of trust lien against it in the amount of $52,000[1] at the time of separation. While husband paid approximately $12,000 toward that secured debt during the separation, the commissioner added the total amount of the payments to the equity determined by appraisal of that property. Then, the commissioner recommended the parties equally divide the revised "equity" of $80,700. Husband was given the option to purchase wife's interest in that property and declined. The commissioner determined real property in Middlesboro, Kentucky, to be the separate property of wife.

The commissioner and the circuit court failed to classify the personal property but proceeded to divide it. Wife was awarded a 1990 Ford pickup truck valued at $6,200, a Honda four-wheeler valued at $4,500, a horse trailer valued at $5,000, three horses collectively valued at $4,000, the horses' tack valued at $2,500, and one-half the cow herd valued at $275 a head. In addition, wife was awarded the following items, which

---

[1] It appears that the assigned number of secured claims and the amount of secured indebtedness against the property at the time of separation was clearly erroneous and was actually much greater. Apparently the parties agree this is marital property although neither the commissioner nor the circuit court made a finding of its classification.

were not classified as marital or separate property nor were they valued by the commissioner: a salt holder, stall mats, a cherry bedroom suite, a cedar chest, a set of dishes, quilts, a clown collection, a Mr. and Mrs. Claus set, a computer, a tobacco setter, and everything else in her possession.

Husband was awarded a 1989 Bronco valued at $4,000, a 1986 Ford pickup truck valued at $750, a Kawasaki four-wheeler valued at $2,000, a hay baler valued at $4,000, farm equipment valued collectively at $8,000 and one-half the cow herd. In addition, husband was awarded all furniture and furnishings in the marital home not specifically awarded to wife. These items were not identified nor were they valued.

Each party was to "share equally in the retirement benefit of the other accrued during the course of the marriage." However, no values were assigned.

The commissioner determined that all debt in either of the parties' names at the time of separation was marital debt and made the following division: wife was responsible for $12,050 of the indebtedness, with husband to be responsible for the remaining $30,500. No rationale was given for the allocation of debt.

By a final order dated May 22, 2000, the circuit court awarded both parties a divorce a vinculo matrimonii, yet referred the equitable distribution determination back to the commissioner for further consideration regarding the

-

identification, classification, valuation and distribution of the parties' assets and liabilities pursuant to Code § 20-107.3. A more specific referral order to the commissioner was entered May 26, 2000. However, no changes were made by the commissioner to her initial report, and there is no evidence in the record that the matter was given any further consideration other than the commissioner's testimony before the court, on July 24, 2000, that she felt she had "covered all the required factors to be reviewed between the parties" and she was "not prepared to modify [her] opinion unless there [was] new evidence that . . . changes what [was] reviewed." Nothing appears in the record to reflect the disposition of the specific assignments in the circuit court's May 26, 2000 order.

After several additional hearings regarding husband's objections to the commissioner's findings, the circuit court judge stated, on December 13, 2000, that he saw "no reason that the marital property should not be divided equally, 50/50 . . . . I have considered the statutory factors set out in [Code § 20-107.3]" and "in considering all the statutory factors of the contributions, monetary and non-monetary of each party to the well being of their family, this is a successful family." He also found "most of [the] debts were made during the marriage, and like assets, anything acquired during the marriage is presumed to be marital property and marital liabilities." Finally, the judge stated, "it was the finding of the

-

[c]ommissioner, and [it is] the finding of the court that [husband and wife] should share equally insofar as possible."

On December 14, 2000, an order was issued providing as follows:

> [T]he Court FINDS the Special Commissioner's Report to be reasonable and consistent with the provisions of Section 20-107.3 of the Code of Virginia, as amended, and more particularly, the factors enumerated in 20-107.3(e) [sic] were considered and addressed by the Special Commissioner . . . .

## II.  STANDARD OF REVIEW

On appeal, we review the evidence in the light most favorable to the party prevailing below.  See, e.g., Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). Where the evidence was considered by a commissioner and not ore tenus by the circuit court, the decree is not given the same weight as a jury verdict, but if the decision is supported by substantial, competent and credible evidence in the depositions, it will not be overturned.  McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986) (citations omitted). See also Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (a decree based upon depositions rather than evidence heard ore tenus nonetheless is presumed correct and will not be overturned if supported by the evidence).  Moreover, a judgment of the circuit court will not be set aside on the ground that it is contrary to the law and the evidence unless it

-

appears from the evidence that such a judgment is plainly wrong or without evidence to support it.  Code § 8.01-680.

### III.  ANALYSIS

In any equitable distribution proceeding, the circuit court must follow three basic steps.  First, the court must classify the property (the assets and liabilities) as separate, marital, or hybrid (part separate and part marital property).  A value must then be assigned to every item or portion deemed martial property, and the value must be based upon evidence presented by the parties.  Finally, the court is to divide the property between the parties, taking into consideration all the specifically enumerated factors in Code § 20-107.3(E).  It is reversible error for the court not to do so.  Alphin v. Alphin, 15 Va. App. 395, 405, 424 S.E.2d 572, 577 (1992).

A circuit court may assign a commissioner in chancery to receive and consider the evidence for equitable distribution.  The commissioner, upon consideration of the statutory factors, will then make a recommendation to the court for the appropriate disposition of the martial estate.  Generally, the court should affirm a commissioner's report unless the evidence does not support the findings.  Price v. Price, 4 Va. App. 224, 355 S.E.2d 905 (1987).  However, when the court refers a case to a commissioner, it does not delegate its judicial functions to the commissioner, but rather, "the court must review the evidence, apply the correct principles of law, and make its own

-

conclusions as to the appropriate relief required."  Dukelow v.

Dukelow, 2 Va. App. 21, 26-27, 341 S.E.2d 208, 211 (1986).  We

cannot say that standard has been met in this case.

## A.  CLASSIFICATION

We consider husband's contentions on appeal in the order in

which they would arise pursuant to a proper equitable

distribution process.

### 1.  Kentucky Real Property

We begin with husband's contention that the commissioner

and circuit court erroneously classified real property in

Middlesboro, Kentucky, as separate property belonging to wife.

For the following reasons we find the court did not commit

reversible error in making this classification.

Marital property is all property titled in the names of

both parties and all other property acquired by each party

during the marriage, which is not separate property (received

during the marriage by bequest, devise, descent, survivorship or

gift from someone other than the spouse).  Code

§ 20-107.3(A)(2).  "All property . . . acquired by either spouse

during the marriage . . . is presumed to be marital property in

the absence of satisfactory evidence that it is separate

property."  Id.  This presumption applies to the debt

liabilities of the parties as well.

For property claimed by the other spouse as separate

property, the non-owning spouse bears "the burden of proving

-

that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value." Code § 20-107.3(A)(3)(a).

The Middlesboro property was formerly titled to wife's mother and father, who deeded it into wife's name alone during the parties' marriage.  A current deed of trust, in both parties' names, is a lien on the property.  However, wife's parents, who reside on the property, make the payments.  Due to this debt liability, and husband's voluntary payment of one insurance bill,[2] husband contends the property was transmuted from wife's separate property by gift to marital property and, therefore, the commissioner's classification as separate property was in error.  We disagree.

The depositions presented to the commissioner and the court reflect that the property was purposefully conveyed only to wife, during the marriage, as a gift from her parents.  Thus there was evidence in the record to rebut the presumption the Kentucky real estate was marital property.  The burden then shifted to husband to prove marital contributions were made, which increased the value of the property.  While husband may have made a de minimus monetary and labor contribution, we cannot say the court erred in finding that husband did not meet

_____

[2] Husband paid one bill during the separation without the knowledge of wife or her parents.

-

his burden to show a transmutation of the separate property to marital or hybrid property.

There was evidence that wife's parents made all the mortgage payments, paid for all maintenance and improvements to the home and land, with the exception of one insurance payment made by husband unbeknownst to them during the parties' separation. There is no evidence that the property was acquired by wife in exchange for valuable consideration, i.e., that wife obtain a mortgage on the property and pay the loan funds over to her parents. In addition, the evidence showed that wife only purchased a replacement dishwasher for the home when it was needed, just as the parents had purchased furniture and appliances for the parties' home in Virginia; and folded laundry or helped in the flower garden when she visited. Husband helped to install a ceiling fan and the dishwasher at the Kentucky property.

The co-signing of a loan against the property and the purchase of the replacement dishwasher for the parents' use are not substantial and did not measurably increase the property value. There is no evidence that wife commingled debt liability, funds, and joint income with regard to the Kentucky property, as to change the nature of the property from separate to marital. Services performed by the parties with regard to the property were not substantial, and the commissioner and the court did not err in finding them insufficient to establish

-

transmutation.  See Lambert v. Lambert, 6 Va. App. 94, 103-05, 367 S.E.2d 184, 190-91 (1988); Code § 20-107.3(A)(1) (personal efforts must be significant and result in substantial appreciation).

### 2.  Other Property

Husband also complains that the equitable distribution award is erroneous because the commissioner failed to classify other items distributed as either marital or separate.  We agree.  Upon a review of the record, it was wife's contention that several items, including bedroom suites, dishes, collectibles, etc., were gifts to her and should be classified as her separate property.  These items were awarded to wife, but we are unable to determine whether the commissioner or court determined their classification.

Prior to the equitable distribution of property, the circuit court must classify the parties' property as marital, separate, or hybrid.  See Code § 20-107.3(A).  If no evidence is presented upon which the court can properly classify each item, faced with the statutory presumption and the lack of satisfactory evidence to rebut it, the property should be classified as marital.  Stainback v. Stainback, 11 Va. App. 13, 396 S.E.2d 686 (1990).  Neither the commissioner's report nor the court's orders classify any of the parties' personal property.  As we reverse the award on other issues for further

-

consideration, on remand the circuit court should determine the classification of each asset.

## B. VALUATION

Husband also contends that the commissioner and court erred in assigning value to certain property and in failing to assign any value to other items, which is required if classified as marital property. We agree.

We will not disturb a finding of value of an asset, however, unless the finding is plainly wrong or unsupported by the evidence. See Traylor v. Traylor, 19 Va. App. 761, 763-64, 454 S.E.2d 744, 746 (1985).

## 1. The Lee County Real Property

In this case, conflicting expert appraisals of the real property in Lee County were presented to the commissioner and court. The commissioner and court chose to accept the first appraisal submitted. Husband, who disliked the first appraisal and submitted a second, contends the commissioner and the court arbitrarily disregarded the credible evidence of his appraisal. He argues the court's acceptance of the commissioner's valuation was error. We disagree with the contention that the acceptance of the original appraisal was error; however, the determination of equity was plainly wrong.

A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994);

-

see also Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989) (commissioner may find one of several conflicting expert appraisals more credible so long as credible evidence supports selected appraisal); Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) ("The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.").

The chosen value was based on an expert appraisal, with credible evidence of value. We cannot say that the court was plainly wrong or without evidence to select the initial valuation. The court was not required to reject the appraisal merely because husband believed his "evidence might be more accurate, convincing, desirable, or persuasive." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987); see also Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989).

While the selection of the appraisal was not reversible error, we do hold the valuation of equity in the property is plainly wrong. There is credible evidence in the record of a lower net equity amount than computed by the commissioner and adopted by the court. There is credible evidence of additional secured loans to Southwest Farm Credit against the property not addressed by the fact finder and clear evidence that the total amount of husband's post-separation loan payments were added to the "marital" equity, without any allocation between principal

-

and interest to accurately reflect decreased liability and increased equity. In response to our inquiry at oral argument as to whether the husband's representation of indebtedness was correct, wife's counsel gave three separate responses: "correct," "incorrect" and "don't know." It is very clear from the record there is a discrepancy in fact between the commissioner's determination and actual equity. The record does not indicate this discrepancy was addressed.

On remand, the court should make specific findings as to the secured debt against the property and the lien balances as it determines the proper equity amount as of the valuation date. As more fully discussed in Section C, the court should also make findings as to the change in equity created by husband's post-separation secured lien payments and whether that portion of the equity attributable to such payments is marital, separate or hybrid property. The court should also make findings as to the valuation and classification of that portion of husband's post-separation secured lien payments, which are not found to be part of the Virginia real property's equity.

This process may require the taking of additional evidence caused by the passage of time while additional payments have been made, but that is a determination best made by the trial court.

## 2. Other Property

We further find that is was error to make the equitable distribution without valuing all the martial property. Obviously, this was made difficult by the failure to classify all the property as previously discussed. The circuit court on remand should specify the properties and associated values for every marital asset and liability in the new award. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). The values of the assets and liabilities should be based on credible evidence provided by both parties if they so choose. The valuation assigned to marital property cannot be based on "mere guesswork."[3] Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). However, where the parties have been given a reasonable opportunity to provide the necessary evidence to prove valuation and through their lack of diligence have failed to do so, the court may make an award without giving consideration to the value of every item of property. Bowers, 4 Va. App. at 618, 359 S.E.2d at 551. Therefore, assets such as the bedroom suite, dishes, etc., if deemed martial property during the classification stage, should be assigned a value based on submitted evidence from the parties.

---

[3] For example, it appears under the court's award, which was based on the commissioner's report, husband was allocated all of the Southwest Farm Credit debt, but it was not taken into account in computing the equity of the Lee County property.

C.   CONSIDERATION UNDER § 20-107.3

Finally, husband contends the circuit court erred in accepting the commissioner's report without evidence that it considered all the appropriate factors in Code § 20-107.3.  He requests that the award be remanded for further consideration. As we are unable to find identifiable support in the record that the statutory factors were considered, we agree that the equitable distribution award should be reversed and remanded.

The appropriate consideration of the factors by the commissioner and the circuit court entails more than a mere recitation in the record or decree that all the statutory factors have been considered or reviewed.

> The enumerated factors are intended to guide the court's exercise of discretion, and substantive consideration of these factors should be incorporated into the decision-making process.  See Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  "This does not mean that the [circuit] court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."  Id.  However, when [the circuit court] fails to articulate sufficiently the consideration he or she has given to the statutory criteria, "we must examine the record to determine if the award is supported by evidence relevant to those factors."  Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988).

Alphin, 15 Va. App. at 405, 424 S.E.2d at 578.  Based on the record before us, such as it is, we cannot determine how or if

-

the commissioner or the court applied the Code § 20-107.3(E) factors to this case.

Except for general, non-specific statements that the statutory factors were considered, the record does not reflect that the commissioner or the court considered and applied Code § 20-107.3(E) to distribute the marital estate. Few findings were made, and the court's deliberative process is not identified so as to facilitate appellate review. It is difficult, if not impossible, for an appellate court to review the statutory requirements as applied in equitable distribution proceedings when the circuit court announces only the end product of its deliberations. We cannot tell upon what evidence the recommended distribution was based or why. While the court is not expected to do a law review article on the rationale for the equitable distribution award, it needs to give some identifiable written rationale. For example, we cannot find in the record where the issues referred to the commissioner, by the May 26, 2000 order, were answered.

While the asset division may be adequate based on the fact that each worked during the marriage and all income earned was spent by the parties, the failure to classify and value all the assets does not allow for verification that the court's intended division was properly done. We cannot determine that the liability division is supported by substantial and credible

-

evidence.[4]  While husband does not specifically complain of this assignment, and while it is within the court's discretion to make such a division, it is evident to us that the court failed to identify adequate consideration of the statutory factors.

Under such circumstances, we are unable to conduct a proper appellate review of the disputed award and must reverse the award and remand for further consideration by the court, guided by Code § 20-107.3.[5]  "There must be a proper foundation in the record to support the granting of an award and the amount of the award."  Stumbo v. Stumbo, 20 Va. App. 685, 693, 460 S.E.2d 591, 595 (1995).

An indication of the inadequate assessment of the statutory factors is an absence in the record of any consideration given to husband's request for a credit in recognition of his post-separation mortgage payments.  We find it was an abuse of discretion for the commissioner and court to fail to consider husband's request for a credit for these post-separation payments.  The separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the court must consider when making its award of

---

[4] The debt division proposed by the commissioner's report and adopted by the court seems contrary to the court's bench statements about equal division.

[5] Our disposition does not presuppose that the present division is erroneous but results only from the inability to conduct a proper appellate review.

equitable distribution.  Upon remand, the court should give due

consideration of these payments in its equitable distribution

award.[6]

Accordingly, the decree appealed from is affirmed in part

as noted above and reversed in part.  The case is remanded for

such further proceedings as the circuit court considers

appropriate to make an award concerning the property of the

parties that is consistent with the principles expressed in this

opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.

---

[6] We note, however, Code § 20-107.3 does not mandate that
the circuit court award a corresponding dollar-for-dollar credit
for such contributions.  <u>von Raab v. von Raab</u>, 26 Va. App. 239,
249-50, 494 S.E.2d 156, 161 (1997).

-