COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


KAREN I. PERRY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0672-02-4         JUDGE G. STEVEN AGEE
                                      NOVEMBER 19, 2002
DWAYNE N. PERRY


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                       Jeffrey W. Parker, Judge

          Julia S. Savage (Lawrence D. Diehl; Walker,
          Jones, Lawrence, Duggan & Savage, on briefs),
          for appellant.

          Paul A. Morrison (Howard, Morrison & Howard,
          on brief), for appellee.


     The circuit court granted a divorce based on the parties

living separate and apart for one year and provided for the

equitable distribution of their real and personal property.  The

parties appeal different parts of the equitable distribution

award.  Karen Perry ("wife") contends:  the trial court erred (1)

in awarding her only one percent (1%) of the value of a marital

asset, (2) in its valuation of the Perry Racing business, and (3)

in not awarding wife attorneys' fees.  Dwayne Perry ("husband")

appeals by claiming the trial court erred in valuing (1) the First

Virginia NOW accounts, (2) the backhoe, and (3) husband's Ford

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

truck. For the reasons set forth below, we affirm the rulings of the trial court.[1]

## I. EQUITABLE DISTRIBUTION

If the court "'hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)). On appeal we must "view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below." Id. Furthermore, "[f]ashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

## A. The Bearcastle Lot

The evidence at trial showed that during the marriage husband wished to purchase a lot in the Bearcastle subdivision. By her own testimony, wife did not think they could afford it and did not want her husband to buy it. When husband's parents

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

offered to pay for the lot, wife again said she did not want it but requested that, if they provided the purchase funds, that the property be titled in both their names "in case something happened to him."  Husband's parents indicated to wife that the purchase money was going to be part of his inheritance.  Thereafter husband's parents gave him a check to cover the purchase price of the Bearcastle lot which apparently went into husband's bank account.  Husband then paid for the lot from his account.

The trial court's first letter opinion of September 28, 2001, appears to trace husband's monetary contribution for the lot under Code § 20-107.3(A)(3)(d).  Although no specific finding classifying the lot as marital property was made, the trial court awarded husband substantially all of the value of the lot based on the tracing of funds and found a marital share of $2,000 which was divided equally.[2]

The trial court's second letter opinion of January 4, 2002, finds the Bearcastle property to be marital property based upon its joint ownership, a conclusion with which the parties evidently agree.  In any event, we read the second letter opinion to abandon the tracing analysis, but citing specific

---

[2] The parties do not dispute the valuation for the Bearcastle lot of $125,000.

- 3 -

reasons to support awarding husband and wife the same monetary values as in the first opinion letter.

In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E). Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992). "While the division or transfer of marital property and the amount of any monetary award are matters committed to the sound discretion of the trial court, 'any division or award must be based on the parties' equities, rights and interests in the property.'" Theismann v. Theismann, 22 Va. App. 557, 564-65, 471 S.E.2d 809, 812 (1996) (quoting Alphin, 15 Va. App. at 403, 424 S.E.2d at 577).

Wife argues that since all the marital property, except the Bearcastle lot, was divided equally, the lot should be similarly divided. She further contends that a 99% distribution to husband of this one marital asset is error as a matter of law. We disagree.

"Each party does have an equal legal interest, but the application of the statutory factors [in Code § 20-107.3(E)] may justify an unequal distribution." Lightburn v. Lightburn, 22 Va. App. 612, 618, 472 S.E.2d 281, 284 (1996). While the Bearcastle lot is marital property, a 50-50 split is not presumed at law.

> All of the provisions of Code § 20-107.3
> must be followed in making an equitable
> distribution decision. . . .  We must be
> able to determine from the record that the
> trial court has given substantive
> consideration to the evidence as it relates
> to the provisions of this Code section.
> Woolley v. Woolley, 3 Va. App. 337, 345, 349
> S.E.2d 422, 426 (1986). . . .  "This does
> not mean that the trial court is required to
> quantify or elaborate exactly what weight or
> consideration it has given to each of the
> statutory factors.  It does mean, however,
> that the court's findings must have some
> foundation based on the evidence presented."
> . . .  [I]f the court's findings are not
> supported by the evidence in the record, the
> court has abused its discretion, and the
> court's determination must be reversed.

Trivett v. Trivett, 7 Va. App. 148, 153-54, 371 S.E.2d 560, 563

(1988) (quoting Wagner v. Wagner, 4 Va. App. 397, 410, 358

S.E.2d 407, 414 (1987)) (internal citations omitted).

We find from the record that the trial court considered all

the statutory factors set forth in Code § 20-107.3(E).  Further,

the trial court gave specific reasons for its division of the

Bearcastle lot's value.  The record shows husband found the

property and secured the money for it, at no cost to the marital

estate.  Wife, by her own admission, did not want the property

(notwithstanding the donation of the purchase price), and only

asked that the property be jointly titled in case husband

wrecked his speedboat.

"The statute allows the trial court to take into account

'such other factors as the court deems necessary or appropriate

- 5 -

to consider in order to arrive at a fair and equitable monetary award.'"  Mir v. Mir, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Oct. 29, 2002); Code § 20-107.3(E)(10).  In doing so, the trial court may make a significantly disproportionate award.  For example, in Mir, the primary marital asset was subject to a 95% to 5% division of value.

The trial court could divide the Bearcastle lot based on Code § 20-107.3(E)(2), (6) or (10) by disproportionate award to husband.  Accordingly, we find no error in the trial court's decision, which is affirmed.

## B.  Perry Racing

The trial court's division of the Perry Racing asset was its best effort with the limited evidence available.  The hull and rigging (and perhaps the pump and motor) were sold for $5,400.  Wife offered no evidence as to contemporary fair market value.  Her argument, using an item by item cost basis, ignores the fact the rigging and other equipment were incorporated into the boat and husband's uncontroverted evidence of market conditions and market value.

There is evidence in the record to support the $10,000 valuation which lies between the $5,400 sale price and the cost basis.  Husband also testified, without contradiction, as to defects in the boat and his marketing efforts to justify a sale at less than cost.  With no contemporary evidence of fair market

value, other than the sale price, the trial court did not abuse its discretion in the valuation or division. The trial court's determination is affirmed.

### C. Valuation of the NOW Accounts

Apparently these accounts were in husband's name alone. Husband therefore had the unique ability to tender evidence of date of separation or date of hearing bank statements to show a value different from that shown by wife's evidence. Husband failed to do so. The trial court made its determination on the only evidence available. That decision was not an abuse of discretion and is affirmed.

### D. The Backhoe

Husband contended at trial that he sold the backhoe to his father for an undetermined amount. He did not tell his wife about the sale nor could he produce a bill of sale or any other evidence to prove a sale. The trial court was free to reject husband's evidence, consider the backhoe as marital property and proceed to value that asset.

The trial court had some evidence as to value (namely the purchase price) and did the best it could with the evidence available. Husband cannot complain that he chose not to produce valuation evidence where, again, husband had a unique ability to do so. The trial court's valuation of the backhoe was not an abuse of discretion and is affirmed.

### E.  1999 Ford F-250

Husband contends that wife's valuation of his Ford truck is inaccurate because incorrect data concerning the truck's mileage and transmission were utilized for Kelley Blue Book value. Husband's contentions in this regard are not apparent from the record.  It cannot be said the trial court erred as a matter of law in fixing the value based on the evidence presented, which it was in the best position to evaluate as the trier of fact. As there was no abuse of discretion, the trial court's valuation of husband's truck is affirmed.

### II.  ATTORNEYS' FEES

"An award of attorney fees is discretionary with the court after considering the circumstances and equities of the entire case and is reviewable only for an abuse of discretion."  Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). "The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record." Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989).

The trial court did not abuse its discretion in determining not to award attorneys' fees.

For the reasons set forth above, the decision and decree of the trial court are affirmed.

Affirmed.