COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Bumgardner
Argued at Salem, Virginia


SANDRA LEE MATSINGER ROBERTS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2179-05-3                      JUDGE LARRY G. ELDER
                                                    MAY 30, 2006
GARY KEITH ROBERTS


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                          Jonathan M. Apgar, Judge

            Charles R. Allen, Jr., for appellant.

            Arthur P. Strickland for appellee.


        Sandra Lee Matsinger Roberts (wife) appeals from a final decree of divorce dissolving

her marriage to Gary Keith Roberts (husband).  On appeal, wife contends the trial court erred in

ruling that she was not entitled to a reservation of spousal support and in failing to make findings

to support that ruling.  She also challenges the court's equitable distribution of a particular credit

card debt and the court's award of the marital residence to husband, arguing the court failed to

indicate it considered the requisite statutory factors in doing so.  Husband contends wife's failure

to file a transcript or statement of facts detailing the proceedings in the trial court in a timely

fashion prevents us from considering these issues on appeal and, in the alternative, that wife's

assignments of error lack merit.  We hold appellant's filing of the transcript was untimely and

that we may not consider the transcript on appeal.  Further, from the evidence in the trial record

properly before us on appeal, we hold the trial court committed no reversible error.  Thus, we

affirm.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A. TIMELINESS OF TRANSCRIPT

Rule 5A:8 provides in relevant part as follows:

> (a) Transcript. The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment. Upon a written motion filed within 60 days after entry of the final judgment, a judge of the Court of Appeals may extend this time for good cause shown.
>
> (b)　　*　　*　　*　　*　　*　　*　　*
>
> When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.

If a transcript or statement of facts is indispensable to the determination of the entire appeal, the absence of the transcript or statement of facts from the record is a jurisdictional defect that requires dismissal of the appeal. See, e.g., Goodpasture v. Goodpasture, 7 Va. App. 55, 57, 371 S.E.2d 845, 846 (1988). However, the absence of a timely filed transcript or statement of facts does not deprive this Court of jurisdiction over an appeal if issues remain that may be decided without reference to a transcript or statement of facts. Id.

Here, the record confirms that appellant's filing of the transcript was untimely. On August 9, 2005, the trial court entered the final decree of divorce containing the rulings to which appellant objects on appeal. Appellant's notice of appeal cited the August 9, 2005 order as the order appealed from. Although the trial court issued two subsequent orders on ministerial aspects of the property distribution in September and October of 2005, appellant never noted an appeal of either of those orders. In fact, part of the basis for wife's objection to those two orders in the trial court was that the case was on appeal. Thus, for purposes of appeal, the date for the filing of the trial transcript was to be calculated from August 9, 2005, making it due on October

10, 2005. Because the transcript was not filed until October 18, 2005, and because appellant failed to request an extension of time for filing prior to October 10, 2005, the transcript was not timely and may not be considered in this appeal.

## B. MERITS OF WIFE'S CLAIMS IN ABSENCE OF TRANSCRIPT

### 1. Spousal Support

Wife contends the trial court erred in ruling she was not entitled to a reservation of spousal support both because the record contained insufficient evidence to support the denial and because the court failed to make the requisite findings to accompany the denial.

Based on the absence of a transcript, we may not consider whether the record contained sufficient evidence to support the court's ruling that wife was not entitled to a reservation of support. Wife conceded this fact in her response of December 5, 2005, to this Court's order to show cause.

Wife nevertheless argues the record is sufficient to permit us to conclude the trial court erred by failing to "enumerate any findings concerning the factors set forth in [Code §] 20-107.1(E) . . . and/or make any reference to these factors." We disagree.

Code § 20-107.1(F) provides in relevant part that, "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." Thus, wife was entitled to a written explanation for the trial court's denial of her request for a reservation of spousal support. We conclude, however, that wife failed to preserve for appeal her objection to that failure.

In endorsing the trial court's order, wife objected to the court's substantive ruling that she was not entitled to a reservation of spousal support, an issue barred by the lack of a transcript as held above. Wife did not contend that the trial court failed to comply with the provision of Code

- 3 -

§ 20-107.1(F) requiring the court to make written findings and conclusions identifying the factors in Code § 20-107.1(E) supporting the court's order. Had she done so, the trial court would have had the opportunity to flesh out its explanation in order to avoid a remand. See, e.g., Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (holding that purpose of Rule 5A:18 requiring contemporaneous objection is "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action"); see also Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). Thus, we hold wife waived her right to a more detailed explanation of the basis for the court's ruling. See Torian v. Torian, 38 Va. App. 167, 186-87, 562 S.E.2d 355, 364-65 (2002) (under "written findings" requirement of Code § 20-107.1(F), quoted above, and additional sentence permitting award of spousal support for defined duration if written findings "identify the basis for the nature, amount and duration of the award," holding general objection to entry of award for defined duration did not preserve for appeal later objection that written explanation was insufficient). Compare Herring v. Herring, 33 Va. App. 281, 287-89, 532 S.E.2d 923, 927 (2000) (holding non-waivable the statutory requirement that court making *child* support award deviating from guidelines amount must first calculate amount of support under guidelines and state reason for deviation because, *inter alia*, failure to explain numerical calculation and reason for deviation would provide insufficient information for court considering future request for modification) with Courembis v. Courembis, 43 Va. App. 18, 28-29, 595 S.E.2d 505, 510 (2004) (refusing to apply Herring to issue of spousal support).

Thus, we do not consider on the merits any portion of wife's assignment of error concerning spousal support.

## 2. Equitable Distribution

Wife contends the trial court erred in determining that she was solely responsible for $14,500 of the Wachovia credit card debt and in awarding her share of the marital residence to husband. On brief, her only claim is that the court erred in the way it classified and divided these items because it failed to give any "indication in [its] rulings from the bench or in the August 9, 2005 Decree" that it had considered the factors in Code § 20-107.3(E). This argument does not support a reversal under the facts of this case.

In making an equitable distribution award, the trial court must classify disputed property and must value and divide property as requested by the parties. See Stumbo v. Stumbo, 20 Va. App. 685, 693, 460 S.E.2d 591, 595 (1995). In doing so, the court must consider the statutory factors in exercising its discretion, see Alphin v. Alphin, 15 Va. App. 395, 405, 424 S.E.2d 572, 577-78 (1992), but it need not make specific findings of fact to support the equitable distribution. As long as the record supports the result, the court need not quantify what weight it gave to each factor. E.g. Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991). Compare Code § 20-107.1(F) (requiring, *inter alia*, that "in contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions . . . identifying the factors in subsection E which support the court's order") with Code § 20-107.3 (requiring consideration of certain factors in classifying, valuing and dividing marital property but not requiring that court make written findings related to that consideration). "[W]hen a trial judge fails to articulate . . . the consideration he or she has given to the statutory criteria, 'we must examine the record to determine if the award is supported by evidence relevant to those factors.'" Alphin, 15 Va. App. at 405, 424 S.E.2d at 578 (quoting Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 524 (1988)).

Thus, the fact that the trial court made no reference to the factors in Code § 20-107.3(E) in the final order distributing the property at issue does not compel the conclusion that the court committed reversible error. In an ordinary case, we would examine the trial record to determine whether the evidence supported the trial court's distribution in light of the statutory factors. Here, however, because wife failed to file the transcript of the evidentiary hearing in a timely fashion, we are unable to perform such a review. Based on the record before us on appeal, we are unable to conclude that the manner in which the court classified or divided the disputed property was error.

## II.

Based on the contents of the record before us on appeal, we detect no reversible error. Thus, we affirm the trial court's order denying wife's request for a reservation of spousal support and affirming the court's classification and distribution of the disputed items of property.

<u>Affirmed.</u>