COURT OF APPEALS OF VIRGINIA


Present:    Judges Haley, McCullough and Senior Judge Willis


RAYMOND EDWARD SHEFFIELD
                                                            MEMORANDUM OPINION*
v.       Record No. 1369-11-3                                   PER CURIAM
                                                             JANUARY 24, 2012
KAREN KIME SHEFFIELD


                    FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                              James W. Updike, Jr., Judge

                  (Michael A. Ward, on brief), for appellant.

                  (Emily Rowe Sitzler, on brief), for appellee.


        Raymond Edward Sheffield (husband) appeals from the circuit court's June 8, 2011 final

decree of divorce.  On appeal, husband contends the trial court erred by 1) awarding spousal support

to Karen Kime Sheffield (wife) for an undefined duration, 2) making an equitable distribution

award to wife in the amount of $19,927.50 and 3) denying the request of husband that the former

marital residence be sold, and also awarding the former marital residence to wife.  Upon reviewing

the record and briefs of the parties, we conclude this appeal is without merit.

                                        BACKGROUND

        Husband and wife were married on October 19, 2002 and separated on October 10, 2009.

No children were born of the marriage.  Husband presents few facts in his opening brief, but the

record reveals the trial court heard evidence regarding the length of the parties' marriage,

husband's admitted adultery, the financial contributions made by the parties during the course of

the marriage, as well as the parties' ages and ability to work.

—————————————

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

I.

Husband contends the trial court abused its discretion by ordering him to pay wife spousal support for an undefined duration.

To support his argument, husband asserts only that the length of the parties' marriage and the contributions made by each party to the well-being of the marriage did not warrant any support award.

In Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005), this Court summarized the applicable principles:

> In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). Accordingly, our review is limited to determining whether the trial court clearly abused its discretion. Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). That being said, the trial court's findings "must have some foundation based on the evidence presented." Id. Where that evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of the [statutory] factors," we will not disturb its determination as to spousal support on appeal. See Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983); see also Gamble, 14 Va. App. at 574, 421 S.E.2d at 644.

The trial court specifically noted it considered all the applicable factors and emphasized husband's greater income, wife's health issues which limited her ability to work, and husband's admitted fault in ending the marriage.

We find upon the review of this record that the trial court appropriately considered the factors mentioned in Code § 20-107.1. Nothing in this record indicates that the trial court failed

to follow the statutory mandate. See McGinnis v. McGinnis, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985). On the contrary, it is clear that the trial court balanced the parties' financial and other needs and abilities and awarded wife monthly support in an appropriate amount for an unlimited duration. See Lapidus v. Lapidus, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984); Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 57-58 (1979). We find this assignment of error is without merit.

II.

Husband argues the trial court erred in awarding wife equitable distribution in the amount of $19,927.50.

Again, husband supports his argument with the statement that "[i]n consideration of the . . . length of the marriage, and the contributions made by each party to the well-being of the marriage, a monetary award to [w]ife was not supported by the evidence." He also suggests the trial court "ignored" his testimony that wife "retained $25,000.00 worth of furniture and furnishings in the former marital residence." However, in closing arguments, husband specifically asked the court to order that "both parties keep whatever furniture and furnishings they have and vehicles."

In making an award based upon the equities and the rights of each party in the marital property, a trial judge has broad discretion in fashioning a division of property and making a monetary award. Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576-77 (1992). On appeal, a party who feels aggrieved by such an award must establish an abuse of discretion. Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990). A distribution scheme which awards one party a higher percentage of the marital property does not of itself indicate an improper division. Alphin, 15 Va. App. at 404, 424 S.E.2d at 577.

Based upon findings regarding the parties' property and their debts and upon consideration of all the factors set forth in Code § 20-107.3, the trial court ordered "that the marital estate be divided between the parties, fifty/fifty."

The record contains evidence that the husband's income and earning capacity were greater than the wife's. We find nothing in the record to support husband's claim that the trial court abused its discretion in the allocation of the parties' marital property.

Here, the court expressly considered the factors contained in Code § 20-107.3 in fashioning its equitable distribution award. The court's findings and award are based on the requisite statutory factors and are supported by evidence.

III.

Husband finally argues the trial court abused its discretion by denying his request that the former marital residence be sold and the proceeds divided. Husband concedes wife owned the residence prior to their marriage but asserts that because she jointly titled the property after the marriage, the trial court should have adopted his request to "sell the property and divide the proceeds consistent with the evidence presented with regard to" Code § 20-107.3.

Code § 20-107.3(A)(3)(f) provides:

> When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent that the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification.

The record reveals wife purchased the home prior to the parties' marriage and later retitled it jointly. The trial court concluded wife had successfully traced a separate contribution in the amount of $84,500, the value of the property at the time of the parties' marriage. Husband does not appear to contest this finding. During the marriage, the parties made improvements to the property, but also encumbered the property with debt in the amount of $124,000. The trial

- 4 -

court calculated the value of the marital portion of the residence and ordered the residence and the debt be allocated to wife. The trial court also calculated the value of the parties' other assets and allocated a portion to husband.

> The court may, based upon the factors listed in subsection E, divide or transfer or order the division or transfer, or both, of jointly owned marital property, jointly owed marital debt, or any part thereof. The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E.

Code § 20-107.3(C).

As noted above, the court considered all the factors in Code § 20-107.3 in fashioning its equitable distribution award. The trial court had sufficient evidence before it for each of the factors and awarded the marital residence to wife rather than ordering it to be sold. Husband's request for this Court "to simply substitute our judgment of the evidence for that of the trial court is an inappropriate and singularly ineffective appellate argument." Fadness v. Fadness, 52 Va. App. 833, 842, 667 S.E.2d 857, 862 (2008).

IV.

Wife requests an award of her attorney's fees on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Upon a review of this appeal, we find that husband's case presented numerous questions that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to wife and remand this case to the

trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

We summarily affirm the judgment of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>